James S. Jardine (1647)
Samuel C. Straight (7638)
Michael K. Erickson (12503)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500

Jonathan J. Lamberson (lamberson@fr.com / *Pro Hac Vice*)
Bryan K. Basso (basso@fr.com / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
MICROSOFT CORPORATION

*Additional counsel listed on signature page*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | **DEFENDANT MICROSOFT'S MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:15-cv-00528-JNP-PMW<br><br>Judge Jill N. Parrish<br>Magistrate Judge Paul M. Warner |

**STATEMENT OF RELIEF SOUGHT**

Pursuant to 28 U.S.C. § 1404(a), Defendant Microsoft Corporation ("Microsoft") moves to transfer this case, initiated by Corel Software, LLC ("Corel Software"), to the Northern District of California, or in the alternative, to the Western District of Washington. In support of this motion, Microsoft respectfully submits a declaration from Shawn Villaron, and the following memorandum.

**I.    INTRODUCTION**

Corel Software is a Delaware company with no business operations in Utah. Corel Software's corporate parent, Corel Corporation ("Corel Corp."),[1] has not had operations in Utah since it closed its Orem, Utah offices almost two decades ago in 1998. Corel's only business operations presently in the United States appear to be in Mountain View, California, which is within the jurisdiction of the Northern District of California. Other than the three purported inventors of the asserted patents, who are no longer Corel employees, Corel has not identified any witnesses or documents located in this district. To the contrary, all of the Corel witnesses in the United States that Corel identified in its initial disclosures appear to reside in the Northern District of California where Corel maintains its office. None of them appear to reside in Utah.

By contrast, Microsoft is a Washington Corporation with its principal place of business in the Western District of Washington. Microsoft's documents and witnesses with information relevant to this lawsuit are all located in Washington or the Northern District of California.

---

[1] These two entities, Corel Software and Corel Corp., will be referred to collectively as "Corel" when it is not necessary to distinguish between them. Corel Software has agreed that it has "possession, custody, or control" of Corel Corp. documents and witnesses.

Furthermore, a number of third parties that are potentially relevant to this dispute are located in the Northern District of California and in the Western District of Washington.

All of the relevant factors favor transfer of venue from this district either to the Northern District of California—where Corel is located—or to the Western District of Washington—where Microsoft is located.  Consequently, the Court should grant Microsoft's motion and transfer this case to either the Northern District of California or, alternatively, to the Western District of Washington.

## II. FACTUAL BACKGROUND

### A. Corel Is a Delaware Company and Based Entirely Outside of Utah.

Corel Software is a Delaware limited liability company.[2]  It does not appear to have any presence in Utah.  Its corporate parent, Corel Corp., is a Delaware corporation that has its corporate headquarters in Mountain View, California,[3] which is in the jurisdiction of the Northern District of California.  Corel Corp. does not maintain any offices, develop any software, or produce any products in Utah, and apparently has not done so since 1998, when it closed its Orem, Utah offices.[4]  Other than the three purported inventors of the asserted patents,

---

[2] Compl. [Dkt. 2] ¶ 17.

[3] *See* https://www.google.com/maps/place/Corel+Inc/@37.3899355,-122.0519142,15z/data=!4m2!3m1!1s0x0:0x146a43dc0c99b2a3?sa=X&ved=0CI0BEPwSMA1qFQoTCITV-fvK68cCFQGJDQodg-EPEg.

[4] *See, e.g.*, Deseret News, "Corel closes up shop in the Utah Valley," Sept. 14, 1998, available at http://www.deseretnews.com/article/651873/Corel-closes-up-shop-in-the-Utah-Valley.html?pg=all; Deseret News, "Corel closing Orem offices," June 25, 1998, available at http://www.deseretnews.com/article/637952/Corel-closing-Orem-offices.html?pg=all.

2

who are apparently no longer Corel employees,[5] Corel does not allege that any of its witnesses reside in Utah or that any relevant documents are located in Utah. And it appears likely that they are not. For example, Corel employees who may have discoverable information relevant to the allegations in the Complaint include any personnel knowledgeable about the alleged contributions of the purported inventors;[6] Corel's alleged competitiveness with Microsoft;[7] the alleged incorporation of the RealTime Preview feature into WordPerfect products;[8] the marketing of the "RealTime Preview" feature;[9] Corel's alleged market share;[10] and Corel's purported communications with Microsoft regarding the potential sale of certain Corel patents to Microsoft, including the patents in suit.[11] As Corel no longer maintains an office in Utah, it does not appear that any of these Corel employees reside in Utah, or that any Corel documents are located in Utah.

In its Initial Disclosures, Corel identifies several potential witnesses who reside in the Northern District of California. For example, Corel identifies Mark J. Danielson as representing Corel for patent prosecution matters, and Mr. Danielson appears to live in the Northern District

---

[5] *See* https://www.linkedin.com/in/kevinunbedacht; https://www.linkedin.com/pub/bruce-woodward/5/677/754?trk=pub-pbmap. It is unclear from publicly available information where Eric D. Johnson presently works.

[6] *See* Compl. [Dkt. 2] ¶ 60.

[7] *See* Compl. [Dkt. 2] ¶ 61.

[8] *See* Compl. [Dkt. 2] ¶ 62.

[9] *See* Compl. [Dkt. 2] ¶¶ 63, 66.

[10] *See* Compl. [Dkt. 2] ¶ 68.

[11] *See* Compl. [Dkt. 2] ¶¶ 93–94, 106.

of California.[12]  Similarly, Corel identifies other potential witnesses who also appear to live in the Northern District of California: David Baylor—General Counsel of Corel Software; Robert Amen—Board Member of Corel Corporation; Tom Walsh—former Corel Corporation VP of Tax and Treasury, current Corel Software Director; and Christopher DeBiase—Corel Corporation CFO and head of IP.[13]  It does not appear that any of Corel's identified potential witnesses—except for the three purported inventors—live in this jurisdiction.

### B. Microsoft Is a Washington Corporation Based in the Western District of Washington, with Offices in the Northern District of California.

Microsoft is a Washington corporation with its principal place of business in the jurisdiction of the Western District of Washington.[14]  Microsoft also has a location in Mountain View, California, which is in the Northern District of California, where potential witnesses work and relevant documents reside.[15]  All of Microsoft's potential witnesses therefore reside in Washington or in the Northern District of California, and all of Microsoft's documents relevant to this lawsuit are located at Microsoft's headquarters in Redmond, Washington or in its Mountain View, California location.[16]  Microsoft's potential witnesses include, for example,

---

[12] *See* Corel Initial Disclosures at 4, a true and correct copy of which is submitted as Exhibit A; *see also* http://www.foley.com/mark-j-danielson/.

[13] *See* Corel Initial Disclosures at 5; *see also* http://www.vectorcapital.com/team/detail/david-baylor; http://www.vectorcapital.com/team/detail/robert-amen; http://www.vectorcapital.com/team/detail/tom-walsh; http://www.vectorcapital.com/team/detail/chris-debiase; http://www.vectorcapital.com/investments/case-study/corel; and http://www.vectorcapital.com/contact-us.

[14] Compl. [Dkt. 2] ¶ 19; Answer [Dkt. 34] ¶ 19.

[15] Declaration of Shawn Villaron ("Villaron Decl.") ¶¶ 4, 6-7, a true and correct copy of which is submitted as Exhibit B.

[16] *Id.* ¶ 9.

personnel knowledgeable about the development of Microsoft's Live Preview feature; Microsoft products that incorporate its Live Preview feature; the marketing of Microsoft's products; Microsoft's prior art to the patents in suit; and Corel's purported communications with Microsoft regarding the potential sale of certain Corel patents to Microsoft, including the patents in suit. These personnel all reside in Washington or in the Northern District of California.[17]  In fact, Microsoft potential witnesses identified in Corel's initial disclosures, namely, William Gates, Chris Capossela, Micky Minhas, Jim Ross, and Jensen Harris all reside in the Western District of Washington.[18]  Microsoft's documentary evidence to refute Corel's allegations includes, for example, Microsoft's software development history; marketing materials; and communications with Corel.  These documents are all located at Microsoft's headquarters in Redmond, Washington or its Mountain View, California location.[19]

      **C.**     **Utah Is Not a Convenient Forum for Third-Party Witnesses.**

Corel's lawsuit may necessitate the subpoena of third parties to produce documents and provide deposition testimony.  For example, Corel's complaint identifies a number of third-party OEMs, importers, and resellers that are headquartered in the Northern District of California.  To assert indirect infringement, Corel alleges that Microsoft knew that OEMs, importers, resellers, customers, and/or end users directly infringed the patents in suit by using the allegedly infringing

---

[17] *Id.*

[18] *See* Corel Initial Disclosures at 7-8; Villaron Decl. ¶ 8.  Microsoft does not concede that these witnesses have any discoverable information concerning the present action.  Some of these are apex employees, and Corel has not made any showing that they possess relevant information.  Nevertheless, all are located in Washington.

[19] Villaron Decl. ¶¶ 6-7, 9.

products "in the default mode with Live Preview enabled."[20] Of the seven global manufacturers Corel expressly identifies, four of them are headquartered in California. Specifically, Acer, Inc. ("Acer"), Asus Computer Int'l ("Asus"), and Hewlett-Packard Co. ("HP") all maintain their U.S. headquarters within the jurisdiction of the Northern District of California. Acer is located in San Jose, California;[21] Asus in Fremont, California;[22] and HP in Palo Alto, California.[23] Further, Sony Corp.'s electronics business is headquartered in San Diego, California.[24] None of the remaining third-party equipment manufacturers are located in this District: Dell Inc. is based in based in Texas;[25] Lenovo has principal U.S. operations in North Carolina;[26] and Samsung Electronics America is headquartered in New Jersey.[27]

In their initial disclosures, Corel and Microsoft identified a number of witnesses, none of whom appear to reside in this district—except for the three purported inventors.[28] Microsoft will be required to subpoena many third-party witnesses and cannot compel these out-of-state, third-party witnesses to appear for trial in this jurisdiction. By contrast, the three purported inventors are apparently represented by counsel for Corel and will thus likely voluntarily appear to testify wherever the trial of this matter is held.

---

[20] Compl. [Dkt. 2] ¶¶ 124–126; *see generally id.* ¶¶ 108–127.

[21] *See* http://us.acer.com/ac/en/US/content/contacts.

[22] *See* http://www.asus.com/us/About_ASUS/Facilities_Branches/.

[23] *See* http://www8.hp.com/us/en/hp-information/about-hp/headquarters.html.

[24] *See* http://www.sandiegouniontribune.com/news/2014/feb/26/Sony-layoffs-Vaio-Sony-Style-Stores/.

[25] https://en.wikipedia.org/wiki/Dell.

[26] http://www.lenovo.com/lenovo/us/en/locations.html.

[27] http://www.samsung.com/us/aboutsamsung/samsung_electronics/us_divisions/.

[28] A true and correct copy of Microsoft's Initial Disclosures is submitted as Exhibit C.

## III. ARGUMENT

### A. Legal Standard.

A motion to transfer venue is governed by 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Thus, Microsoft must show that: (1) the action could have been brought in the Northern District of California or, alternatively, the Western District of Washington; and (2) the transfer would be more convenient for the parties and witnesses and would further the interests of justice.  Because the decision of whether to transfer an action to another suitable forum is within the discretion of the trial court,[29] this Court has broad discretion to transfer this case according to an "'individualized, case-by-case consideration of convenience and fairness.'"[30]  "An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been entered."[31]

### B. This Action Could Have Been Brought in the Northern District of California or the Western District of Washington.

Microsoft is subject to personal jurisdiction in both the Northern District of California and the Western District of Washington and, therefore, is "deemed to reside" in both districts for purposes of venue pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  Accordingly, the Northern District of California and the Western District of Washington both satisfy the threshold

---

[29] Cmty. Television of Utah, LLC v. Aereo, Inc., 997 F. Supp. 2d 1191, 1205 (D. Utah 2014) (citing Wm. A. Smith Contracting Co., Inc. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972)).

[30] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

[31] Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).

requirement under 28 U.S.C. § 1404(a) that the transferee forum be a "district or division where [the action] might have been brought."

### C. Transfer Would Be More Convenient for the Parties and Witnesses and Would Further the Interest of Justice.

The Court is to consider a number of factors in ruling on a motion to transfer: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses; (3) the cost of making the necessary proof; (4) the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious, and economical.[32]  As discussed below, these factors favor transfer in this case.

#### 1. Corel's Choice of Forum Is Not Dispositive.

Ordinarily, as the plaintiff, Corel's choice of forum would be entitled to considerable deference, but here that is not the case since Corel does not reside in Utah.  "[T]he usual deference to plaintiffs' forum choice is diminished where plaintiffs do not reside in the chosen forum."[33]  Corel Software is a Delaware company,[34] and its Complaint is devoid of any allegations that it maintains a place of business in Utah.  For purposes of venue, a plaintiff

---

[32] *Id.*

[33] *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) cited with approval in *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[34] Compl. [Dkt. 2] at ¶ 17.

8

resides "only in the judicial district in which it maintains its principal place of business."[35] Corel Corp.'s U.S. headquarters appear to be located in Mountain View, California within the jurisdiction of the Northern District of California, making it an appropriate and preferable venue for this action. As such, Corel's choice of forum "is not dispositive" and the Court should afford its choice "considerably less weight." [36] Because Corel does not reside in its chosen forum of Utah, "the rationale for allowing the plaintiff to dictate the forum evaporates."[37]

### 2. Many Witnesses Reside in California and Washington, Making Those Venues More Convenient and Less Costly.

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."[38] In the Tenth Circuit, factors relevant to convenience include: (1) the identity of the witnesses and their locations; (2) the quality or materiality of their testimony; and (3) whether any such witnesses are unwilling to come to trial, deposition testimony would be unsatisfactory, or the use of compulsory process would be necessary.[39]

Corel's allegations span decades and accuse the world's most popular office software product and, by implication, the largest global computer manufacturers of infringing

---

[35] 28 U.S.C. § 1391(c)(2).

[36] *Alexander v. Franklin Res., Inc.*, No. C 06-7121, 2007 WL 518859, at * 3 (N.D. Cal. Feb. 14, 2007) (citing SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 4:760 (2006)); *see also Interpane Coatings, Inc. v. Australia and New Zealand Banking Group Ltd.*, 732 F. Supp. 909, 915 (N.D. Ill. 1990) ("[W]here the plaintiff does not reside in his chosen forum, the court is entitled to be far less deferential toward his choice.").

[37] *Spires v. Hospital Corp. of Am.*, No. 06-2137, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing WRIGHT & MILLER, 15 FED. PRAC. & PROC. JURIS.2d § 3848).

[38] *Emp'rs Mut.*, 618 F.3d at 1169 (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993) (transferring case where majority of defendant's expected witnesses lived out of state)).

[39] *Emp'rs Mut.*, 618 F.3d at 1169.

multiple patents.  Of the many potential witnesses in this case, only three appear to have any connection to Utah.  Other than the three purported inventors, all of Corel's other U.S. witnesses and documents appear to be located in the Northern District of California, where Corel maintains its only U.S. office.[40]   Corel's initial disclosures confirm this.  It does not appear that any of Corel's identified potential witnesses—except for the three purported inventors—live in this jurisdiction.  Corel does, however, identify several potential witnesses who reside in the Northern District of California.  For example, Corel identifies Mark J. Danielson as representing Corel for patent prosecution matters, and Mr. Danielson appears to live in the Northern District of California.[41]  Similarly, Corel identifies other potential witnesses who also appear to live in the Northern District of California:  David Baylor—General Counsel of Corel Software; Robert Amen—Board Member of Corel Corporation; Tom Walsh—former Corel Corporation VP of Tax and Treasury, current Corel Software Director; and Christopher DeBiase—Corel Corporation CFO and head of IP.[42]  The Northern District of California is the most convenient forum for all of these Corel witnesses.

Significantly, the transferee forums, especially the Northern District of California, will also be more convenient for prospective third-party witnesses and will ensure the subpoena

---

[40] *See* https://www.google.com/maps/place/Corel+Inc/@37.3899355,-122.0519142,15z/data=!4m2!3m1!1s0x0:0x146a43dc0c99b2a3?sa=X&ved=0CI0BEPwSMA1qFQoTCITV-fvK68cCFQGJDQodg-EPEg.

[41] *See* Corel Initial Disclosures at 4; *see also* http://www.foley.com/mark-j-danielson/.

[42] *See* Corel Initial Disclosures at 5; *see also* http://www.vectorcapital.com/team/detail/david-baylor; http://www.vectorcapital.com/team/detail/robert-amen; http://www.vectorcapital.com/team/detail/tom-walsh; http://www.vectorcapital.com/team/detail/chris-debiase; http://www.vectorcapital.com/investments/case-study/corel; and http://www.vectorcapital.com/contact-us.

power of the district to compel testimony. Of the seven global manufacturers Corel expressly identifies in its Complaint, four of them are headquartered in California, with three located in the Northern District. Specifically, Acer, Asus, and HP all maintain their U.S. headquarters within the jurisdiction of the Northern District of California. Acer is located in San Jose, California;[43] Asus in Fremont, California;[44] and HP in Palo Alto, California.[45] Further, Sony Corp.'s electronics business is headquartered in San Diego, California.[46] Of the remaining device manufacturers Corel identifies in its complaint, none reside in this district. The relative convenience for these potential witnesses thus favors transfer to the Northern District of California, where they reside.

Corel's initial disclosures also identify two former Microsoft employees located in the Western District of Washington: Jensen Harris and William Gates.[47] And Microsoft's initial disclosures reference prior art created by third-party Adobe Systems Inc., which is located in the Northern District of California.[48] Other than the three named inventors, neither party has identified any specific third-party witnesses who reside in Utah, and both have identified multiple witnesses who reside in the potential transfer forums.

Because these Corel and third-party witnesses reside more than 100 miles outside this jurisdiction, Microsoft cannot compel them to appear for trial in this jurisdiction. By contrast,

---

[43] *See* http://us.acer.com/ac/en/US/content/contacts.

[44] *See* http://www.asus.com/us/About_ASUS/Facilities_Branches/.

[45] *See* http://www8.hp.com/us/en/hp-information/about-hp/headquarters.html.

[46]*See* http://www.sandiegouniontribune.com/news/2014/feb/26/Sony-layoffs-Vaio-Sony-Style-Stores/.

[47] *See* Corel Initial Disclosures at 7-8.

[48] http://www.adobe.com/about-adobe/contact/offices.html#northamerica.

11

the only three witnesses identified as residing in Utah—the three purported inventors—are all apparently represented by counsel for Corel and will therefore likely appear voluntarily to testify wherever the trial of this matter is held.  To the extent Corel argues it would be burdensome for one or more of the inventors to travel outside this district, as an initial matter it is highly likely that Corel will compensate them for their time and travel.  Moreover, it is unnecessary for all three inventors to travel to testify at trial, and deposition testimony could be used for any who refuse to travel.  By contrast, Microsoft has no power to compel any Corel or third party witnesses to this district to testify.

Finally, all of Microsoft's relevant witnesses and documents are located in the Western District of Washington, where Microsoft is headquartered, or in the Northern District of California, where Microsoft has offices.[49]  Microsoft's witnesses include employees with knowledge about the development of Microsoft's Live Preview feature; Microsoft products that incorporate its Live Preview feature; the marketing of Microsoft's products; Microsoft's prior art to the patents in suit; and Corel's purported communications with Microsoft regarding the potential sale of certain Corel patents to Microsoft.  Microsoft's documentary evidence to refute Corel's allegations includes, for example, Microsoft's software development history; marketing materials; and communications with Corel.  All of these witnesses (including all witnesses identified in both parties' initial disclosures) reside in the Northern District of California or in the Western District of Washington.[50]

---

[49] Villaron Decl. ¶ 9.

[50] *See* Corel Initial Disclosures at 7-8; Villaron Decl. ¶ 9.

Where, as here, many relevant witnesses are located outside this district, and in either of the transferee forums, this factor weighs in favor of transfer.[51]

### 3. The Enforceability Factor Favors Transfer to Washington.

The enforceability factor favors transfer to the jurisdiction where the defendant resides.[52] Accordingly, this factor favors transfer to the Western District of Washington, where Microsoft is headquartered and a judgment is most easily enforced.

### 4. Relative Advantages and Obstacles to a Fair Trial Favor Transfer.

Transfer to the Northern District of California or, alternatively, the Western District of Washington would eliminate "potential obstacles covering compulsory attendance of witnesses, and other evidence outside the control of the parties," as explained above.[53]

### 5. The Transferee Forums Have Less Congested Dockets.

According to the Federal Court Management Statistics, as of June 2015, median time from filing to disposition for civil cases in Utah was 12.3 months, which was significantly longer than the median time of 7.8 months in the Northern District of California and of 7.0 months in

---

[51] *See Star Stone Quarries, Inc. v. Garland*, 300 F. Supp. 2d 1177, 1182 (D. Utah 2003) (transferring case from Utah to Georgia where "only two or three witnesses appear[ed] to be Utah residents."); *Rozzetti v. Tucker*, No. 2:00-cv-395K, 2000 WL 33710840 (D. Utah Nov. 22, 2000) (granting transfer, noting that where the 100-mile limitation on subpoena issuance "prevents one district court from hailing vital witnesses to testify at trial, a motion to transfer should be granted if that will cure the deficiency.").

[52] *See, e.g.*, *T. Dorfman, Inc. v. Melaleuca, Inc.*, No. 2:10-CV-01213-DB, 2012 WL 919109, at *3 (D. Utah March 16, 2012) (granting transfer and noting that "enforceability favors [transferee forum] as that is where defendants reside.").

[53] *Quarries*, 300 F. Supp. 2d at 1182–83.

13

the Western District of Washington.[54] The time from filing to trial in Utah is also much longer: in Utah it is 37.3 months; in the Northern District of California it is 31.6 months; and in the Western District of Washington it is 18.6 months.[55] These figures indicate that the dockets of both the Northern District of California and the Western District of Washington are less congested than in Utah. Two other statistics suggest that this factor might be neutral. The number of pending cases per judge is 402 in Utah, 459 in the Northern District of California, and 394 in the Western District of Washington.[56] And the average weighted filings per judge are 404 in Utah, 577 in the Northern District of California, and 576 in the Western District of Washington.[57] Thus, this factor is neutral between Utah and the Northern District of California (with each having two factors in its favor), but favors transfer from Utah to the Western District of Washington because three of four factors indicate Washington is less congested.

### 6. Potential Conflict of Laws and the Advantage of Having a Local Court Determine Questions of Local Law are Not Relevant Factors.

All of Corel's causes of action are for patent infringement; there are no state law claims. The law at issue here is federal patent law, making the conflict of law and local law issues irrelevant.[58]

---

[54] *See* Administrative Office of the United States Courts, Federal Court Management Statistics, available at http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2015.

[55] Id.

[56] *Id*.

[57] *Id*.

[58] *See Data Locker, Inc. v. Apricorn, Inc.*, No. 12-2630-JTM, 2013 WL 3388900, at *3 (D. Kans. July 8, 2013) ("Because federal patent law governs this action, there is neither the possibility of a conflict of laws nor a question of local law requiring this action to be adjudicated by a local

14

### 7. All Other Considerations of a Practical Nature Favor Transfer.

Where, as here, the convenience of the witnesses and cost of evidence factors favor transfer, these are also considerations of a practical nature that make a trial easy, expeditious, and economical.[59] Accordingly, this factor also favors transfer.

## IV. CONCLUSION

For the reasons stated above, Microsoft respectfully requests that the Court transfer this action to the Northern District of California or, alternatively, to the Western District of Washington.

DATED this 30th day of October, 2015

                                               RAY QUINNEY & NEBEKER P.C.

                                               */s/ Samuel C. Straight*
                                               James S. Jardine
                                               Samuel C. Straight
                                               Michael K. Erickson

                                               *Attorneys for Microsoft*

*Additional Counsel:*
Frank E. Scherkenbach (scherkenbach@fr.com / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-5071

---

court."); *accord Cmty. Television*, 997 F. Supp. 2d at 1207 ("Because this action is governed by the federal 1976 Copyright Act, this factor is irrelevant.").

[59] *Dorfman*, 2012 WL 919109, at *3 (finding that the practicality factor favors the district where "defendants, witnesses, and the records regarding defendants' business activities, contacts, organizations, and other facts relevant to this case are located.").

Karolina Jesien (jesien@fr.com / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile:  (212) 258-2291

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2015, I electronically filed **DEFENDANT MICROSOFT'S MOTION TO TRANSFER VENUE AND MEMORANDUM IN SUPPORT** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Jonathan O. Hafen | Aaron R. Fahrenkrog |
| Terry E. Welch | William H. Manning |
| Stephen J. Hill | John K. Harting |
| Chad S. Pehrson | Benjamen C. Linden |
| **PARR BROWN GEE & LOVELESS** | **ROBINS KAPLAN LLP** |
| 101 South 200 East, Suite 700 | 2800 LaSalle Plaza |
| Salt Lake City, UT 84111 | 800 LaSalle Avenue |
| jhafen@parrbrown.com | Minneapolis, MN 55402-2015 |
| twelch@parrbrown.com | afahrenkrog@robinskaplan.com |
| shill@parrbrown.com | wmanning@robinskaplan.com |
| cpehrson@parrbrown.com | jharting@robinskaplan.com |
| | blinden@robinskaplan.com |

Christine S. Yun Sauer
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
cyunsauer@robinskaplan.com

                                                 */s/ Brandy Sears*

1349624