# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC, | Case No. 2:15-cv-00528-JNP |
| Plaintiff, | **AMENDED PROTECTIVE ORDER** |
| v. | District Judge Jill N. Parrish |
| MICROSOFT CORPORATION, | Magistrate Judge Paul M. Warner |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1.      <u>Scope of Protection</u>

This Amended Protective Order shall govern any record of information produced in this action and designated pursuant to this Amended Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.

This Amended Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or local rule of the Court and any supplementary disclosures thereto.

This Amended Protective Order shall apply to the parties and to any nonparty from whom

discovery may be sought who desires the protection of this Protective Order.

Nonparties may challenge the confidentiality of the protected information by filing a motion to intervene and a motion to de-designate.

2.     Definitions

(a)     The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party.

(b)     The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing party. The designation CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION:  (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Amended Protective Order the producing party reasonably and in good faith believes would likely cause harm.

(c)     The term "CONFIDENTIAL INFORMATION – SOURCE CODE" shall mean PROTECTED INFORMATION that is so designated by the producing party.  The

designation CONFIDENTIAL INFORMATION – SOURCE CODE may be used for the following information or items: extremely sensitive PROTECTED INFORMATION representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(d)     The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY" or "CONFIDENTIAL INFORMATION – SOURCE CODE" information.

(e)     The term TECHNICAL ADVISOR shall refer to any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, CONFIDENTIAL INFORMATION – SOURCE CODE, and CONFIDENTIAL INFORMATION.  Each party's TECHNICAL ADVISORS shall be limited to such person as, in the judgment of that party's counsel, are reasonably necessary for development and presentation of that party's case.  These persons include outside experts or consultants retained to provide technical or other expert services such as expert testimony or otherwise assist in trial preparation.

3.     Disclosure Agreements

3

(a)     Each receiving party's TECHNICAL ADVISOR shall sign a disclosure agreement in the form attached hereto as Exhibit A.  Copies of any disclosure agreement in the form of Exhibit A signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail.  No disclosures shall be made to a TECHNICAL ADVISOR for a period of five (5) business days after the disclosure agreement is provided to the other party.

(b)     Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing party and received no less than five (5) business days before the intended date of disclosure to that outside TECHNICAL ADVISOR:  the identity of that outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR.  If the producing party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing party shall within five (5) business days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected.  Failure to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR.  As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally.  If the objections cannot be resolved, the party seeking to prevent disclosure of the PROTECTED INFORMATION to the expert shall move within five (5) business days for an Order of the Court

preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made except by Order of the Court.

(c)     Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

(d)     No party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the party engaging the TECHNICAL ADVISOR as a testifying expert. Notwithstanding the preceding sentence, any party may depose a TECHNICAL ADVISOR as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the disclosure agreement of Exhibit A or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

4.     Designation of Information

(a)     Documents and things produced or furnished during the course of this

action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – SOURCE CODE by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION – SOURCE CODE

(d)     During discovery a producing party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and/or CONFIDENTIAL INFORMATION – SOURCE CODE during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(e)     A party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE by requesting the

reporter to so designate the transcript at the time of the deposition.

(f)     A producing party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the court or to opposing counsel as containing CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE when such papers are served or sent.

(g)     A party shall designate information disclosed at a hearing or trial as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE by requesting the court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

(h)     The parties will use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE that is not entitled to such designation or which is generally available to the public.  The parties shall designate only that part of a document or deposition that is CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE rather than the entire document or deposition.  For example, if a party claims that a document contains pricing information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the party will designate only that part of the document setting forth the specific pricing information as ATTORNEYS EYES ONLY, rather than the entire

document.

(i)     In multi-party cases, Plaintiffs and/or Defendants shall further be able to designate documents as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS for documents that shall not be disclosed to other parties.

5.     Disclosure and Use of Confidential Information

Information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall be disclosed by the receiving party only to Qualified Recipients.  All Qualified Recipients shall hold such information received from the disclosing party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as hereinafter provided.  All information that has been designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

In multi-party cases, documents designated as CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER PLAINTIFFS or CONFIDENTIAL INFORMATION – NOT TO BE DISCLOSED TO OTHER DEFENDANTS shall not be disclosed to other plaintiffs and/or defendants.

6.    Qualified Recipients

For purposes of this Order, "Qualified Recipient" means

(a)    For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and CONFIDENTIAL INFORMATION – SOURCE CODE:

(1)    Outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)    Court officials involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(3)    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(4)    Any outside TECHNICAL ADVISOR employed by the outside counsel of record, subject to the requirements in Paragraph 3 above;

(5)    Professional jury or trial consultants, and other professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the disclosure agreement attached as Exhibit A;

(6)    Mock jurors hired by trial consultants in connection with this litigation, who may only be told about or shown materials containing PROTECTED INFORMATION provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not

themselves given custody of any PROTECTED INFORMATION, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted. For the sake of clarity, mock jurors should not be shown material designated "CONFIDENTIAL INFORMATION – SOURCE CODE";

(7)     Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not stated on the face of the confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE to the officers, directors, and managerial level employees of the producing party, or to any employee of such party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or CONFIDENTIAL INFORMATION – SOURCE CODE in the ordinary course of such

employee's employment; and

        (8)      Mark Taylor and Isabella Fu for Microsoft Corporation, and Ron Epstein and Sabrina Chang for Epicenter IP Group LLP, as well as their secretaries and paralegal assistants.

        (b)      FOR CONFIDENTIAL INFORMATION:

        (1)      Those persons listed in paragraph 6(a);

        (2)      In-house counsel for a party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary and paralegal assistants of such counsel to the extent reasonably necessary;

        (3)      The insurer of a party to litigation and employees of such insurer to the extent reasonably necessary to assist the party's counsel to afford the insurer an opportunity to investigate and evaluate the claim for purposes of determining coverage and for settlement purposes; and

        (4)      Employees of the parties.

7.      Use of Protected Information

        (a)      In the event that any receiving party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, the papers shall be appropriately designated pursuant to paragraphs 4(a), (b), and (c), and pursuant to DUCivR 5.2, and shall be treated accordingly.

        (b)      All documents, including attorney notes and abstracts, which contain

another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, shall

be handled as if they were designated pursuant to paragraphs 4(a), (b), or (c).

(c)     Documents, papers and transcripts filed with the court which contain any

other party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE shall

be filed in sealed envelopes and labeled according to DUCivR 5-2.

(d)     To the extent that documents are reviewed by a receiving party prior to

production, any knowledge learned during the review process will be treated by the receiving

party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as

the documents have been produced, at which time any stamped classification will control.  No

photograph or any other means of duplication, including but not limited to electronic means, of

materials provided for review prior to production is permitted before the documents are produced

with the appropriate stamped classification.

(e)     In the event that any question is asked at a deposition with respect to

which a party asserts that the answer requires the disclosure of CONFIDENTIAL

INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or

CONFIDENTIAL INFORMATION – SOURCE CODE, such question shall nonetheless be

answered by the witness fully and completely.  Prior to answering, however, all persons present

shall be advised of this Order by the party making the confidentiality assertion and, in the case of

information designated as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY or

CONFIDENTIAL INFORMATION – SOURCE CODE at the request of such party, all persons

who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)　　　Nothing in this Protective Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE.

8.　　　Source Code Protections

(a)　　　The parties recognize that source code will be produced as part of discovery in this case, and that heightened protections are required for source code. PROTECTED INFORMATION designated as "CONFIDENTIAL INFORMATION – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" information, and may be disclosed only to Qualified Recipients.  In addition, CONFIDENTIAL INFORMATION – SOURCE CODE information is subject to the additional protections as specified herein.

(b)　　　Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched (but not necessarily compiled or "built"), during normal business hours or at other mutually agreeable times, at the

office of the producing party's outside counsel of record, or another mutually agreed upon location.  The source code shall be made available for inspection in its native format on one secured computer in a secured room without Internet access or network access to other computers, and with all input/output ports (such as USB, eSata, Firewire, etc.) disabled or blocked and account access restricted as appropriate to prevent and protect against unauthorized copying, transmission, removal or other transfer of any "CONFIDENTIAL INFORMATION – SOURCE CODE" information outside or away from the secured computer, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information.

(c)     The receiving party's outside counsel of record or experts may request that commercially available software tools reasonably necessary to assist in reviewing and searching the "CONFIDENTIAL INFORMATION – SOURCE CODE" information be installed on the secured computer.  The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the source code computer(s).  The producing party may decline to install any requested inspection software if the software is not reasonably necessary to assist in reviewing and searching the electronic source code, if the software represents any unreasonable risk of compromising security of the source code or the source code computer, or if the software could

be used for any other illegitimate purpose in contravention of this Amended Protective Order. For emphasis, it should be noted that the tools for reviewing "CONFIDENTIAL INFORMATION – SOURCE CODE" information may not be used to circumvent the protections of this Amended Protective Order in any way.

(d)     Once "CONFIDENTIAL INFORMATION – SOURCE CODE" information has been made available for inspection, the receiving party shall provide notice of its inspection five (5) business days prior to the inspection. The notice shall include the expected dates of the inspection as well as the name of each individual who will be conducting the inspection. The producing party may maintain a daily log of the names of persons who enter the room to view the source code. The producing party may require that each individual for the receiving party, upon each entry or exit of the source code viewing room by that individual, sign a log, provided by the producing party, indicating the name of that individual, whether the individual entered or exited the source code viewing room, and the date and time of such entry or exit.

(e)     The receiving party's experts shall be entitled to take handwritten notes relating to the "CONFIDENTIAL INFORMATION – SOURCE CODE" information, but may not copy any actual lines of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information into the notes. No copies of all or any portion of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information may leave the room in which the source code is inspected except as otherwise provided in this Amended Protective Order. Further, no other written or electronic record of the "CONFIDENTIAL INFORMATION – SOURCE CODE" information is permitted except as otherwise provided in this Amended Protective Order.

(f)     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically in the first instance as set forth above.  The producing party shall provide all such source code in paper form, including bates numbers and the label "CONFIDENTIAL INFORMATION – SOURCE CODE."  Absent good cause, the receiving party shall not request printing of any continuous block of "CONFIDENTIAL INFORMATION – SOURCE CODE" information that results in more than fifty (50) printed pages.  Absent good cause, the receiving party may not request a total of more than five thousand (5000) pages of printed "CONFIDENTIAL INFORMATION – SOURCE CODE" material. If the receiving party believes good cause exists to exceed these printing limits, the parties shall meet and confer in good faith to try and resolve the issue. If resolution cannot be reached, the receiving party may challenge the printing limits pursuant to the dispute resolution procedure and timeframes set forth in paragraph 10 of this Amended Protective Order.  Similarly, the producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 10 of this Amended Protective Order.

(g)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. Any paper copies of "CONFIDENTIAL INFORMATION – SOURCE CODE" information shall be stored or viewed only in the United States of America at (a) the offices of outside counsel of

record for the receiving party, (b) the offices of experts who have been approved to access "CONFIDENTIAL INFORMATION – SOURCE CODE," (c) the site where any deposition is taken, (d) the Court, or (e) any non-public intermediate location necessary to transport the information to a hearing, trial, or deposition.  For the sake of clarity, "CONFIDENTIAL INFORMATION – SOURCE CODE" information may not be reviewed in public places such as airports, airplanes, and restaurants.  "CONFIDENTIAL INFORMATION – SOURCE CODE" information should be stored in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use.  No additional copies of such source code may be made by the receiving party.  The receiving party shall maintain a log recording the identity of the outside counsel of record and/or experts accessing the printed source code.  The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  Any paper copies used during a deposition shall be retrieved by the party taking the deposition at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(h)     The receiving party may include excerpts of source code that relate to the technical features that are at issue in the case in a pleading, exhibit, expert report, discovery document, deposition transcript, trial exhibit, or other Court document, provided that such documents are appropriately designated under this order, restricted to those who are entitled to have access to them as specified in this order, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.  Such excerpts shall be limited to only the necessary portions of the source code.

(i)     All Parties retain the right under the Federal Rules of Civil Procedure to object to the production of all or part of their source code, and to seek a protective order that such materials not be produced, or be produced under conditions that provide more stringent protection than those provided herein.

9.     Inadvertent Failure to Designate

(a)     In the event that a producing party inadvertently fails to designate any of its information pursuant to paragraph 4, it may later designate by notifying the receiving parties in writing.  The receiving parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(b)     It shall be understood however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

10.     Challenge to Designation

(a)     Any receiving party may challenge a producing party's designation at any time.  A failure of any party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(b)     Notwithstanding anything set forth in paragraph 2(a), (b), and (c) herein, any receiving party may disagree with the designation of any information received from the producing party as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE.  In that case, any receiving party desiring to disclose or to permit inspection of the same otherwise

than is permitted in this Order, may request the producing party in writing to change the designation, stating the reasons in that request. The producing party shall then have five (5) business days from the date of receipt of the notification to:

> (i) advise the receiving parties whether or not it persists in such designation; and
>
> (ii) if it persists in the designation, to explain the reason for the particular designation.

(c) If its request under subparagraph (b) above is turned down, or if no response is made within five (5) business days after receipt of notification, any producing party may then move the court for a protective order or any other order to maintain the designation. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving party. In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the parties may agree).

No party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d) With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing party if:

> (i) the information in question has become available to the public through no violation of this Order; or

(ii)      the information was known to any receiving party prior to its receipt from the producing party; or

(iii)     the information was received by any receiving party without restrictions on disclosure from a third party having the right to make such a disclosure.

11.     Inadvertently Produced Privileged Documents

The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing party. The receiving party shall return to the producing party such document or thing. Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

12.     Inadvertent Disclosure

In the event of an inadvertent disclosure of another party's CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or

CONFIDENTIAL INFORMATION – SOURCE CODE to a non-Qualified Recipient, the party

making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the

person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION,

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL

INFORMATION – SOURCE CODE subject to this Order; (ii) make all reasonable efforts to

preclude dissemination or use of the CONFIDENTIAL INFORMATION, CONFIDENTIAL

INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION –

SOURCE CODE by the person to whom disclosure was inadvertently made including, but not

limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii)

notify the producing party of the identity of the person to whom the disclosure was made, the

circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination

or use of the information.

13.    Limitation

This Order shall be without prejudice to any party's right to assert at any time that any

particular information or document is or is not subject to discovery, production or admissibility

on the grounds other than confidentiality.

14.    Conclusion of Action

(a)    At the conclusion of this action, including through all appeals, each party

or other person subject to the terms hereof shall be under an obligation to destroy or return to the

producing party all materials and documents containing CONFIDENTIAL INFORMATION,

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL

INFORMATION – SOURCE CODE and to certify to the producing party such destruction or

return.  Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

(b)　　After this action, trial counsel for each party may retain one archive copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED INFORMATION.  Trial counsel's archive copy shall remain subject to all obligations of this Order.  All copies of production documents, including all materials containing PROTECTED INFORMATION and materials designated CONFIDENTIAL INFORMATION – SOURCE CODE shall be returned or destroyed within 60 days after final disposition.

(c)　　The provisions of this paragraph shall not be binding on the United States, any insurance company, or any other party to the extent that such provisions conflict with applicable Federal or State law.  The Department of Justice, any insurance company, or any other party shall notify the producing party in writing of any such conflict it identifies in connection with a particular matter so that such matter can be resolved either by the parties or by the Court.

15.　　Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE.  The parties agree that they will treat such documents, things, or testimony produced by third parties according to the terms of this Order.

16.     Compulsory Disclosure to Third Parties

If any receiving party is subpoenaed in another action or proceeding or served with a

document or testimony demand or a court order, and such subpoena or demand or court order

seeks CONFIDENTIAL INFORMATION, CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY, or CONFIDENTIAL INFORMATION – SOURCE CODE of a

producing party, the receiving party shall give prompt written notice to counsel for the producing

party and allow the producing party an opportunity to oppose such subpoena or demand or court

order prior to the deadline for complying with the subpoena or  demand or court order.  No

compulsory disclosure to third parties of information or material exchanged under this Order

shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or

judicial authority of competent jurisdiction.

17.     <u>Jurisdiction to Enforce Amended Protective Order</u>

After the termination of this action, the Court will continue to have jurisdiction to enforce

this Order.

18.     Modification of Amended Protective Order

This Order is without prejudice to the right of any person or entity to seek a modification

of this Order at any time either through stipulation or Order of the Court.

19.     Confidentiality of Party's own Documents

Nothing herein shall affect the right of the designating party to disclose to its officers,

directors, employees, attorneys, consultants or experts, or to any other person, its own

information. Such disclosure shall not waive the protections of this Amended Protective Order

and shall not entitle other parties or their attorneys to disclose such information in violation of it,

unless by such disclosure of the designating party the information becomes public knowledge. Similarly, the Amended Protective Order shall not preclude a party from showing its own information, including its own information that is filed under seal by a party, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  December 1, 2015

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

1352930

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Case No. 2:15-cv-00528-JNP<br><br>**DISCLOSURE AGREEMENT**<br><br>Judge Jill N. Parrish |

I, _____, am employed by _____.  In connection with this action, I am:

_____    a director, officer or employee of _____ who is directly assisting in this action;

_____    have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

_____    Other Qualified Recipient (as defined in the Protective Order)

(Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Amended Protective Order in the matter of Corel Software, LLC, v. Microsoft Corp., Civil Action No. 2:15-cv-00528-JNP, pending in the United States District Court for the District of Utah.  I further state that the Amended Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any PROTECTED

INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this action or disclosing such documents or information to any person not entitled to receive them under the terms of the Amended Protective Order. To the extent I have been given access to PROTECTED INFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Amended Protective Order to have access to such information, and (b) have executed a Disclosure Agreement. I will return, on request, all materials containing PROTECTED INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Amended Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the District of Utah for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.


_____
Signed by Recipient

_____
Name (printed)

Date: _____