# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 2:15-cv-00528-JNP<br><br>**ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Paul M. Warner |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action," as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by stipulation. 6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the

production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email search term requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The parties shall confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search

term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery.

13. *ESI Production.* Electronic data should be provided in the following format:

    A. *TIFFs.* Single-page 300 dpi CCITT Group IV black and white TIFFs should be provided (unless the ESI contains color, as discussed below), with page break information in load file identifying document start and end.

    Conversion of Word documents, OneNote, Outlook, WordPad, Paint, Visio, Publisher or other similar: When the above referenced types of documents are converted to TIFFs, the version that will be converted is as it was last saved by the custodian. This means that if it was last saved with track changes turned on that the images and metadata will reflect the track changes.

    Conversion of PowerPoint documents: When PowerPoint documents are converted to TIFFs, the version that will be converted will show the speaker notes, to the extent they exist.

    B. *Color.* ESI containing color will be provided in JPG format.

    C. *Database Load Files/Cross-Reference Files.* Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

        The objective coding and/or electronic file metadata should be provided in the following format:

        1. Fields should be delimited by the default Concordance field delimiter for ANSI character 20 ().

        2. String values within the fields should be enclosed with a text delimiter (þ).

        3. The first line should contain objective coding and/or electronic field metadata headers, and below the first line, there should be exactly one line for each document.

        4. Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.

        5. Multi-values should be separated by a semicolon.

D. *Text files.* For each document, a document-level text file should be provided in addition to the TIFFs. The text of native files should be extracted directly from the native file, and each text file will be named using its corresponding image files (*e.g.*, ABC0000001.TXT). Documents for which text cannot be extracted will be produced with OCR.

E. *Redactions.* With respect to documents containing redacted text, no text will be provided for the redacted portion. OCR will be provided for the unredacted portions of the documents.

F.  *Unique IDs*. Each image should have a unique file name which will be the Bates number of that page. The Bates number must appear on the face of the image in the lower right corner (*e.g.*, ABC0000001.TIF).

G.  *Unique Documents*. Parties agree to de-duplicate, using a verifiable process, documents within the production for each custodian. While a single document could be produced several times in the production, the document will only be produced one time for a single custodian.

H.  *Metadata*. The parties agree to produce the following metadata for each document, to the extent it is available:

- BegDoc – The unique designation for the beginning of the document.
- EndDoc – The unique designation for the end of the document
- BEGATTACH – the beginning of any attachments to the document
- ENDATTACH – the end of any attachments to the document
- Custodian – the custodian of the document
- Email Subject - Subject of the e-mail message extracted by metadata extraction software
- Email From - Author of e-mail message extracted by metadata extraction software
- Email To - Recipients of email message extracted from email file by metadata extraction software
- Email CC - Recipients of 'Carbon Copies' of the e-mail message extracted by software.

- Email BCC - Recipients of 'Blind Carbon Copies' for e-mail messages extracted by software
- Date Received - Received date and time of an e-mail message (according to original time zones) extracted by metadata extraction software.
- Date Sent - Sent date and time of an e-mail message (according to original time zones) DEFAULT TIMEZONE IS GMT
- ParentID – the parent of any documents in a family of documents
- File Name - File name of the native file extracted as metadata
- DocType – the file format of the document
- Document Extension - File extension of document that represents the file type to Windows Operating System created by metadata extraction software.
- File size - Size of the native file in bytes provided by the metadata extraction software (Whole Number only)
- Author - Author field extracted from the metadata of document by metadata extraction software. This field will be empty for emails.
- Date Created - Date and time from the Date Created property extracted by the metadata extraction software from original file.
- Date Last Modified - Date and time from the Modified property of a document, representing the date and time that changes to the document were last saved extracted by metadata extraction software.
- MD5Hash - Unique Identifier  -OR-  SHA-1Hash - Unique Identifier

        The fields Date Received, Date Sent, Date Created, and Date Last Modified will be provided in the format:  mm/dd/yyyy hh:mm:ss

I. *Native Format.*  The parties have agreed that the following documents will be produced in native format: Excel files, Access Files, Microsoft Project Files, CAD files, GDS files, and GDSII files.  The parties reserve their rights to request additional electronic documents, including PowerPoint presentations, in their native format. Native files will be produced with a placeholder TIFF image.  Each TIFF placeholder will contain the endorsed Bates number, endorsed confidentiality designation, and the name of the native file.

J. *Databases*. Certain types of databases kept in the normal course of business contain information that allows for analysis and computation and as such the data may be produced in an electronic format. Data from these types of databases may be produced in database or delimited text file format, as reasonably available.

K. *Non-convertible Files*.

    1.    Certain types of files such as system, program, video, and sound files may not be amenable to conversion into anything meaningful in TIFF format. Responsive, non-convertible files will be produced in the form of native files with a placeholder TIFF image. Some examples of file types that may not convert include file types with the following extensions: *.ai *.aif *.bin *.brd *.cab *.cfg *.chi

7

       *.chm *.com *.dll *.dsn *.eps *.exe *.exp *.hlp *.hqx *.idb *.ilk

       *.iso *.ivi *.ivt *.ix *.lib *.mpeg *.mpg *.mov *.mp3 *.mpe *.msi

       *.nls *.obj *.ocx *.opj *.opt *.pdb *.pch *.psd *.psp *.ptf *.ram

       *.res *.rm *.rmi *.step *.sys *.swf *.snd *.tag *.tlh *.tmp *.trg *.ttf

       *.vbx *.wav *.wmv *.wma*.wpg *.xfd.

   3.  Nothing herein is intended to include productions of data produced from databases.

   4.  Non-convertible files will be produced natively and with a placeholder TIFF image. Each TIFF placeholder will contain the endorsed Bates number, endorsed confidentiality designation, and the name of the non-convertible file, including the file extension.

  L.  *Gaps*. Productions should contain sequential Bates numbers with no gaps. There should be no gaps in Bates numbers between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

  M.  *Parent-child Relationships*. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

 14. *Production Media and Labels*. Documents will be produced either via FTP or on CD-ROM or DVD or on portable hard drives. The parties agree to attach a label to each piece of media containing production data. The label will provide the following information:

Case name

Case number

Production date

Volume number

Bates range

Confidentiality designation (if applicable)

15. *Inadvertent Production of Documents*. Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work-product doctrine, will not be deemed to waive any privilege or work-product protection. The procedure for addressing the inadvertent production of documents is more fully addressed in the governing Protective Order.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  December 1, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

1352937

9