IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE AND MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL FACTS**<br><br>Case No. 2:15-cv-528-JNP-PMW<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Paul M. Warner |

This case arises from continued litigation between Microsoft Corporation ("Microsoft") and Corel Software, LLC ("Corel"). At issue in this particular iteration of the Microsoft and Corel feud is Corel's RealTime Preview ("RTP") feature used in Corel's WordPerfect software.

On July 27, 2015, Corel filed a complaint for patent infringement against Microsoft in the District of Utah (Dkt. 2), alleging that Microsoft infringed on Corel's RTP patents by incorporating RTP features into its Microsoft Office software products. Although Corel no longer maintains any business operations in Utah, Corel asserts that it chose to file suit in this district because RTP's three inventors still reside here and are not subject to the subpoena power in any other district.

Microsoft brought a motion to transfer venue (Dkt. 37), arguing that the Northern District of California or the Western District of Washington are more appropriate venues for this action. As a Washington corporation with a principal place of business in Washington, Microsoft contends that litigating in Utah is inconvenient to the parties and all other witnesses, especially where Corel no longer maintains offices in Utah.[1] Microsoft argues that because all relevant

---

[1] Corel Corporation, the owner of the RTP patents, is a Canadian company based in Ontario, Canada. (Whais

documents and witnesses—aside from the three RTP inventors—reside outside of the District of Utah, the court should transfer this case.

On February 9, 2016, the court held a hearing on Microsoft's motion and took it under advisement. Two weeks after the hearing, Microsoft filed a Motion for Leave to File Notice of Supplemental Facts Concerning Microsoft's Motion to Transfer Venue (Dkt. 54). After careful consideration of the record, relevant law, and parties' memoranda, the court DENIES Microsoft's motions for the reasons outlined below.

## ANALYSIS

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Such a transfer should occur only "for the convenience of parties and witnesses, in the interest of justice." *Id.* The parties do not dispute that this action could have been brought in the Northern District of California or the Western District of Washington. Thus, the court must determine whether transferring this case to either of those jurisdictions would be more convenient for the parties and witnesses and would further the interests of justice.

Because this is a patent case, Federal Circuit case law is controlling. *See* 28 U.S.C. § 1295. However, in considering motions to change venue, the Federal Circuit looks to regional circuit law. *In re Vista Print Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). The Tenth Circuit has explained that a district court should consider the following factors in determining whether to transfer venue under Section 1404(a):

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles

Decl. 2, Dkt. 40). Corel Software, LLC, the plaintiff in this action, is a Delaware limited liability company and is a separate but related entity to Corel Corporation (*Id.*).

to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Because it is Microsoft's burden to prove that the District of Utah is an inconvenient forum, Microsoft must establish that these factors weigh strongly in favor of transferring this case. *Tex. Gulf Sulfur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). And Microsoft cannot meet its burden by simply shifting any inconvenience from itself to Corel. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

### 1.  Plaintiff's Choice of Forum

The plaintiff's choice of forum weighs against transfer. The Tenth Circuit has held that the plaintiff's choice of forum "should rarely be disturbed." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Scheidt*, 956 F.2d at 965). Although the plaintiff's choice of forum receives less deference "if the plaintiff does not reside in the district," *id.*, greater weight is given to this factor if "the facts giving rise to the lawsuit have . . . [a] material relation or significant connection to the plaintiff's chosen forum." *Id.* (*quoting Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)). In patent cases, a patent developed by individuals who reside in the plaintiff's chosen forum constitutes a significant connection to that forum. *See Quest Software, Inc. v. Centrify Corp.*, No. 2:10-CV-859, 2011 WL 1085789, at *2 (D. Utah Mar. 21, 2011). Other connections to be considered include witnesses "pertinent to this action" that reside in the plaintiff's chosen forum. *Id.*

In this case, the plaintiff's choice of forum weighs against transferring the action. Although Corel no longer resides in Utah, the facts giving rise to this lawsuit have a significant connection to Utah. The patents at issue were "conceived of in Utah by individuals who reside in

3

Utah." *Id.* In addition, the three inventors—critical witnesses whose testimony is pertinent to this action—reside in Utah. Thus, the court finds that this factor weighs against transferring this case.

### 2.  Accessibility of Witnesses and Sources of Proof

The accessibility of witnesses and other sources of proof also weighs against transfer. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut.*, 618 F.3d at 1168 (quoting *Cook*, 816 F. Supp. at 669). To show inconvenience, the movant—Microsoft—must "(1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony;' and (3) 'show[] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Id.* (quoting *Scheidt*, 956 F.2d at 966). General allegations "that necessary witnesses are located in the transferee forum" are insufficient. *Id.* (citation omitted). Instead, the movant must identify the witnesses "with specificity" and "indicate[] the subject matter of their testimony." *Id.*

Microsoft has not met its burden to show inconvenience. Although Microsoft provides evidence for some of the inconvenience factors required by the Tenth Circuit, Microsoft nonetheless fails to address all relevant factors. For example, although Microsoft explicitly identifies Corel's witnesses and where they reside, Microsoft does not identify its own witnesses with specificity. Rather, Microsoft only contends that its unnamed witnesses are located in the proposed transferee districts. These general allegations are insufficient.

In addition, while Microsoft indicates the subject matter of its own witnesses' testimony, it fails to indicate the subject matter of other potential witnesses' testimony, including third party witnesses. Further, Microsoft has failed to show that any of the witnesses are unwilling to come to trial in Utah or that deposition testimony would be unsatisfactory. Because Microsoft has

failed to meet its burden, this factor weighs against transfer. *See id.* at 1169.[2]

### 3.   Cost of Making the Necessary Proof

The cost of making the necessary proof also weighs against transfer. Although Microsoft contends that all of its relevant witnesses and documents are located in the Western District of Washington or the Northern District of California, Microsoft does not provide the court with "evidence concerning the potential costs of litigating the case in [Utah]." *Id.* Without this information, the court cannot use this factor to justify a transfer out of this district.

Furthermore, as Corel notes, because much of the evidence in this case is electronic, "transferring documents from one forum to another is as easy as a click of a mouse." Because Microsoft's documentary evidence is located in two different forums—the Northern District of California and the Western District of Washington—documents will need to be transmitted regardless of where this case is litigated. Microsoft has not met its burden under this factor where the costs of acquiring the necessary proof will be similar no matter which district hears this case. *3form, Inc. v. Sunset Plaza, LLC*, No. 2:10-CV-856, 2011 WL 4565797, at \*2 (D. Utah Sept. 29, 2011).

### 4.   Enforceability of Judgment

The enforceability factor is neutral. Although Microsoft argues that this factor favors transfer to the Western District of Washington because that is where Microsoft is headquartered, "[t]he enforceability of a judgment is not a factor at issue. A judgment issued in this district is enforceable in any district in the country." *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F.

---

[2] In Microsoft's Motion for Leave to File Notice of Supplemental Facts, Microsoft argues that other witnesses could testify as to the same subjects on which Corel contends the inventors would testify. But the facts Microsoft would like the court to consider do not cure Microsoft's deficiencies in meeting its burden to show inconvenience under this factor. Furthermore, Microsoft should not be allowed to tell Corel how to prosecute its case. Just because other witnesses may be able to testify about a subject does not mean that a party should be precluded from bringing in the witnesses it believes are critical to making its case. The court therefore denies Microsoft's Motion for Leave to File Notice of Supplemental Facts.

Supp. 2d 1191, 1207 (D. Utah 2014).

### 5.   Relative Advantages and Obstacles to a Fair Trial

The court finds that the relative advantages and obstacles to a fair trial do not weigh in favor of a transfer. In its briefing, Microsoft cites to *Star Stone Quarries, Inc. v. Garland* and argues that transferring the case to Washington would eliminate "potential obstacles covering compulsory attendance of witnesses, and other evidence outside the control of the parties." 300 F. Supp. 2d 1177, 1182–83 (D. Utah 2003).  But it is unclear that the language quoted from that case is explicitly referring to this factor. Regardless, Microsoft has failed to point to any evidence in its briefing showing obstacles to a fair trial in Utah.[3]

### 6.   Difficulties Arising from Congested Dockets

This factor is neutral. "When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emp'rs Mut.*, 618 F.3d at 1169. The parties cite to the June 2015 Federal Court Management Statistics in support of their respective arguments, with Microsoft contending that District of Utah has a more congested docket than either of the proposed transferee districts. ADMIN. OFFICE OF THE U.S. COURTS, FEDERAL COURT MANAGEMENT STATISTICS, JUNE 2015, *available at* http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2015. But this report fails to account for Judge Parrish's recent appointment to the bench. Although a more recent report has yet to be released by the Administrative Office of the United States Courts, the addition of a new active judge will undoubtedly affect these statistics.[4] Thus, based on the recent

---

[3] At oral argument, Microsoft suggested that Corel filed suit in Utah in order to obtain a "homegrown advantage" with jurors who may look favorably on Utah's "favorite son." The court is not persuaded, however, that selecting an unbiased jury will be so difficult as to mandate transfer.

[4] For example, a review of the dockets in the District of Utah as of January 31, 2016 shows that each active

changes in the District of Utah, this factor is neutral.

### 7. Conflict of Laws and Advantages of a Local Court

Because all of Corel's causes of action are for patent infringement, there are no state law claims. Because there are no conflicts of laws issues and because local laws are not at issue, these factors are inapplicable to this case. *See Data Locker, Inc. v. Apricorn, Inc.*, No. 12-2630, 2013 WL 3388900, at *3 (D. Kan. July, 8, 2013).

### 8. All Other Considerations of a Practical Nature

Finally, no other considerations of a practical nature weigh in favor of a transfer. Microsoft argues that the practicality factor favors the district where "defendants, witnesses, and the records regarding defendants' business activities, contacts, organizations, and other facts relevant to [the] case are located." *See T. Dorfman*, 2012 WL 919109, at *3. But these considerations have already been accounted for.[5] In addition, Microsoft argues that Corel never explains why bringing suit makes a trial in Utah "easy, expeditious, and economical." Yet that is not Corel's burden. Although Microsoft contends that many witnesses and documents are located outside of Utah, Microsoft does not provide evidence showing how trial in Utah will not be easy, expeditious, or economical.[6]

**CONCLUSION**

All of the relevant factors are either neutral or weigh against transferring this case from

---

judge has, on average, approximately 166 pending civil cases, as opposed to 402 cases pending per judge in June 2015.

[5] *Dorfman* is further distinguishable from the case at hand because, in that case, a forum selection clause mandated transfer. *See T. Dorfman*, 2012 WL 919109, at *3.

[6] Although Microsoft provided notice to the court of its filing of a complaint for patent infringement in the Northern District of California (Dkt. 48), Microsoft never explained why the existence of a related case in the transferee forum is sufficient justification for transferring venue. Microsoft briefly addressed this issue at oral argument; however, the court is not convinced that a transferee court would consolidate these two cases since they involve unrelated patents. And even if it made sense for these two cases to be litigated together, "this does not present a sufficient reason, on its own, to transfer the case to the Northern District of California." *Quest Software*, 2011 WL 1085789, at *3; *Cmty. Television*, 997 F. Supp. 2d at 1208.

the District of Utah. The court therefore DENIES Microsoft's Motion to Transfer Venue (Dkt. 37) and Microsoft's Motion for Leave to File Notice of Supplemental Facts Concerning Microsoft's Motion to Transfer Venue (Dkt. 54).

DATED this 26th day of February, 2016.

BY THE COURT:

_____
Jill N. Parrish
United States District Judge