# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **COREL SOFTWARE, LLC,**<br><br>              **Plaintiff,**<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>              **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  **2:15-CV-528-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

      District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Corel Software, LLC's ("Corel") motion to compel[2] and (2) Microsoft Corporation's ("Microsoft") motion to stay the litigation pending *inter partes* review.[3]  On August 17, 2016, the court held a hearing on the motions.  At the hearing, Corel was represented by Aaron R. Fahrenkrog, Jonathan O. Hafen, John K. Harting, and William H. Manning; and Microsoft was represented by Jonathan L. Lamberson and James Jardine.  Before the hearing, the court carefully considered the motions, memoranda, and other materials submitted by the parties.  At the outset of the hearing, the court **GRANTED** Corel's motion to compel.  After considering the arguments of counsel and taking Microsoft's motion to stay under advisement, the court now renders the following memorandum decision and order.

---

[1] *See* docket no. 25.

[2] *See* docket no. 78.

[3] *See* docket no. 80.

I.   **Corel's Motion to Compel**

Corel seeks production of an unredacted copy of Microsoft's December 2011 license from Alcatel-Lucent USA Inc. ("Lucent License") and a corresponding witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure. The instant issue before the court is one of discoverability; not admissibility, which may be an issue for another day. While Microsoft did produce a copy of the Lucent License, it redacted the amount paid. Corel seeks an unredacted copy, arguing that the economic terms of the Lucient License are relevant to its claim for damages. The court agrees.

To determine a "reasonable royalty," courts can consider "the rates paid by the licensee for the use of other patents comparable to the patents in suit." *Apple v. Motorola*, 757 F.3d 1286, 1325 (Fed. Cir. 2014) (discussing factors under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970)). The court concludes that the patents at issue in this motion are sufficiently comparable as they both contain user-facing technology. Furthermore, the relevance standard for discoverability presents a lower threshold than the standard for admissibility. Accordingly, Corel's motion is **GRANTED**. Microsoft shall produce an unredacted copy of the Lucent License within fourteen days of the date of this order. In addition, the parties shall meet and confer regarding a Rule 30(b)(6) deponent and the scheduling of that deposition.

II.   **Microsoft's Motion to Stay**

On May 23, 2016, Microsoft filed several petitions for inter partes review ("IPR") with the United States Patent and Trademark Office ("PTO"), challenging the validity of all asserted claims. Microsoft seeks an order staying this matter pending final resolution of its petitions or at least until the PTO decides whether to institute IPR proceedings. "The Federal Circuit has

recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office." *Larson Archery Co. v. Mathews, Inc.*, No. 1:11cv126TS, 2013 WL 139472, *1 (D. Utah Jan. 10, 2013). In general, courts consider the following factors in determining whether to stay litigation proceedings pending PTO reexamination: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (quotations and citations omitted). The court will consider each factor in turn.

### A. Simplification of the Issues

Microsoft argues that the IPR petitions will likely result in cancellation of at least some of the asserted claims, thus narrowing the scope of the issues and possibility mooting the entire case. Corel argues that the PTO has not yet granted any of Microsoft's petitions and the suggestion that IPR could streamline this case is pure speculation. Corel further asserts that because the IPR proceedings do not cover invalidity arguments based on prior art devices, if Microsoft does not succeed in IPR based on the documents, it will likely attempt to assert invalidity based on the software products themselves.

The court is not persuaded by Corel's arguments. "Courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'" *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, No. 2:08CV879DAK, 2009 WL 2999036, *2 (D. Utah Sept. 18, 2009) (quoting *ASCII Corp. v. STD Ent. USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Because it is possible, even likely, that at the PTO will proceed on at least one of Microsoft's IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic

record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues. However, "'even if the reexamination d[oes] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'" *Id.* (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1989)). Thus, considerations of judicial economy favor staying the matter at least until the PTO has determined whether or not to institute IPR proceedings.

### B. State of Litigation

While the parties have nearly completed fact discovery, there is still substantial work to be done in this case. The parties have just begun the claim construction process. They have not, however, engaged in expert discovery. While Corel argues that it anticipates a trial date sometime in June or July 2017, in reality no trial date has been set. "[T]here remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit. Accordingly, the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay." *EMSAT Advanced v. T-Mobile USA, Inc.*, No. 4:08cv00817, 2011 WL 843205, *2 (N.D. Ohio Mar. 8, 2011). Thus, this factor weighs in favor of a stay.

### C. Undue Prejudice

The court is not persuaded that Corel will be unduly prejudiced by a delay in this case or that a delay would create a tactical advantage for Microsoft. "[T]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *CCP Systems AG v. Samsung Electronics Corp.*, 2010 WL 5080570, *3 (D. N.J. Dec. 7, 2010) (quotations and citation omitted). Furthermore, the court notes that Corel has not sought injunctive relief in this case. Corel's "prior lack of urgency in this matter belies [any] insistence that the litigation move

forward with all dispatch now." *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *7 (W.D. Wash. Oct. 7, 2013).  While Corel may suffer some prejudice by a delay, the court does not consider that prejudice to be undue.  Accordingly, this factor weighs in favor of a stay.

After consideration of the above-mentioned factors, this court concludes that a stay of the case is warranted in this matter, at least until such time as the PTO determines whether to institute IPR.

### III.     Conclusion

Based on the foregoing, Corel's motion to compel is **GRANTED.**  Within fourteen (14) days of the date of this order, Microsoft shall provide an unredacted copy of the Lucent License and identify its rule 30(b)(6) deponent.  The parties shall also meet and confer regarding a mutually convenient time for that deposition.  In addition, Microsoft's motion for a stay pending IPR is likewise **GRANTED** until such time as the PTO determines whether to institute IPR.  Should the PTO reject Microsoft's IPR petitions, the stay shall be lifted.  Should the PTO institute IPR proceedings on some or all of Microsoft's IPR petitions, the stay shall remain in place until resolution of IPR.  The parties shall complete the fact discovery ordered above, but this matter is **STAYED** until the court orders otherwise.

**IT IS SO ORDERED**.

DATED this 23rd day of August, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge