# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **COREL SOFTWARE, LLC,**<br><br>          **Plaintiff,**<br><br>**v.**<br><br>**MICROSOFT CORPORATION,**<br><br>          **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No.  2:15-CV-528-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Corel Software, LLC's ("Corel") motion for clarification as to completion of pending fact discovery[2] and (2) Corel's motion for leave to take the deposition of Mr. Bill Gates.[3]

On August 23, 2016, this court granted Microsoft Corporation's ("Microsoft") motion to stay the case pending the United States Patent and Trademark Office's ("PTO") determination of whether to institute inter partes review ("IPR") proceedings.[4]  The court also granted Microsoft's motion to compel an unredacted copy of the Lucent License and a corresponding Rule 30(b)(6) deponent.

Prior to this court's ruling on Microsoft's motion to stay, Corel filed a motion for leave to take the deposition of Bill Gates who, at key times relevant to this patent infringement suit, was

---

[1] *See* docket no. 25.

[2] *See* docket no. 134.

[3] *See* docket no. 120.

[4] *See* docket no. 127.

Microsoft's Chief Executive Officer and then Chief Software Architect.[5] Corel argues that it first learned of Mr. Gates's personal knowledge of Corel's RealTime Preview feature from documents produced by Microsoft in the last week of fact discovery. Fact discovery in this case closed on June 23, 2016, and Corel filed its motion for leave to take Mr. Gates's deposition on August 4, 2016. Because this court did not specifically address Corel's motion in its order, Corel now requests that the court clarify the stay order to explain that the stay does not apply to Corel's motion for leave to depose Mr. Gates. Corel further asks the court to order the parties to complete briefing on Corel's motion for leave to depose Mr. Gates, hold a hearing on the motion, and issue a ruling on it.

In its stay order, the court directed the parties to complete only the specific fact discovery addressed in its ruling on Microsoft's motion to compel, which was filed before the fact discovery deadline. Because the motion seeking to depose Mr. Gates was filed six weeks after the close of fact discovery, it is in essence a motion to reopen fact discovery. The court is not willing to reopen fact discovery at this time. Had the court wanted to resolve Corel's motion, it would have ordered the completion of briefing and set it for oral argument.

As this court previously ruled, this case is stayed until the court orders otherwise. The stay is to remain in place until the PTO determines whether to institute IPR. Should the PTO outright reject Microsoft's IPR petitions, the stay will be lifted. But if the PTO institutes IPR proceedings on some or all of Microsoft's IPR petitions, the stay will remain in place until resolution of IPR proceedings. If the PTO does not resolve some of the claims through IPR proceedings, or even the entire case, and Corel believes that Mr. Gates's deposition is still necessary, Corel may file an appropriate motion at that time. Until then, Corel's motion for

---

[5] *See* docket no. 120.

leave to take the deposition of Mr. Bill Gates is **DENIED WITHOUT PREJUDICE** with leave to refile if necessary.  Because the court has now clarified its previous order (albeit not with the result sought by Corel), Corel's motion for clarification is **GRANTED** consistent with this order.

**IT IS SO ORDERED**.

DATED this 22nd day of December, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge