James S. Jardine (jjardine@rqn.com / SBN 1647)
Samuel C. Straight (sstraight@rqn.com / SBN 7638)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543

Jonathan J. Lamberson (lamberson@fr.com / *Pro Hac Vice*)
Bryan K. Basso (basso@fr.com / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone:  (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Defendant
MICROSOFT CORPORATION

*Additional counsel listed on signature page*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>  Defendant. | Case No. 2:15-cv-00528-JNP<br><br>**DEFENDANT MICROSOFT CORPORATION'S MOTION FOR ENTRY OF JUDGMENT**<br><br>Judge Jill N. Parrish |

1

Pursuant to Fed. R. Civ. P. 58 and Civil L.R. 58-1, Defendant Microsoft Corporation ("Microsoft") respectfully moves this Court for entry of Judgment against Plaintiff Corel Software, LLC ("Corel") on its third claim for relief based on alleged infringement of U.S. Patent No. 8,700,996 ("the '996 patent").

## I. INTRODUCTION

Corel brought this action on July 27, 2015, alleging infringement of three United States patents: U.S. Patent No. 8,700,996 ("the '996 patent"), U.S. Patent No. 6,731,309 ("the '309 patent"), and U.S. Patent No. 7,827,483 ("the '483 patent"). [Docket No. 2 (Complaint).] Microsoft asserted multiple affirmative defenses, including both non-infringement and invalidity. [Docket No. 34 (Answer).]

On November 19, 2015, Corel served Initial Infringement Contentions pursuant to Patent L.R. 2.3 that accused Microsoft of infringing claims 1, 3, 6, 8, 13, 14, 20, 22, 24 and 28 of the '996 patent. [Docket No. 141, Ex. 9.]

On April 28, 2016, Corel served Final Infringement Contentions pursuant to Patent L.R. 3.1 that accused Microsoft of infringing claims 1, 3, 8, 13, 14, 22, 24 and 28 of the '996 patent. [Docket No. 141, Ex. 10.]

Fact discovery closed on June 23, 2016. [Docket No. 90.] Opening claim construction and summary judgment briefs were filed in July of 2016. [*See* Docket No. 105 (Microsoft's Opening Claim Construction Brief); Docket No. 103 (Corel's Opening Claim Construction Brief); Docket Nos. 104-106 (Motions for Summary Judgment).] Corel never requested leave to amend its contentions or to add additional claims from the '996 patent prior to the close of discovery or during the parties' briefing on claim construction or summary judgment.

Microsoft petitioned the United States Patent & Trademark Office ("USPTO") for *inter partes* review ("IPR") of the asserted claims of the asserted patents and, on May 26, 2016, Microsoft moved to stay this action pending the results of those IPRs.  [Docket No. 80.]  On August 23, 2016, Magistrate Judge Warner ordered a stay of this case.  [Docket No. 127.]  Corel objected to the Magistrate's decision, and the Court overruled that objection on September 9, 2016.  [Docket No. 132.]  At no time during the briefing and argument on Microsoft's motion to stay did Corel seek leave to assert additional claims from the '996 patent or to withdraw any of its existing claims.

The USPTO granted Microsoft's petition for *inter partes* review with respect to the '996 patent on December 1, 2016, finding that Microsoft had established a reasonable likelihood that it would prevail in showing that all the claims Corel had asserted – claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of the '996 patent – were unpatentable.  [Docket No. 141, Ex. 5.]  On February 27, 2017, Corel asked the USPTO to enter an adverse judgment against it with respect to all of these same claims – claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of the '996 patent.  [Docket No. 141, Ex. 14.]  The USPTO granted Corel's request on February 28, 2017, stating:

> it is hereby
>
> ORDERED that Patent Owner's Request for Adverse Judgment under 37 C.F.R. § 42.73(b)(2) with respect to claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of U.S. Patent No. 8,700,996 B2 patent is GRANTED; and,
>
> ORDERED that judgment is entered herein against Patent Owner with respect to claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of U.S. Patent No. 8,700,996 B2.

[Exhibit A.]

**II.     ARGUMENT**

The IPR proceedings before the Patent Trial & Appeal Board ("PTAB") have simplified the case, as Magistrate Judge Warner anticipated in his decision granting Microsoft's motion to stay.  [*See* Docket No. 127 at 4 (Order Granting Stay).]  In response to the Patent Office proceedings instituted at Microsoft's request, Corel has filed a statutory disclaimer with respect to the asserted claims of the '996 patent.  [Docket No. 141, Ex 13.]  By voluntarily requesting an adverse judgment against itself and surrendering its own asserted claims before the PTAB, Corel has acknowledged that the claims it asserted against Microsoft in this litigation for nearly 20 months were and are invalid, and the USPTO has entered a final judgment of invalidity against Corel.  [*See* Exhibit A.]

"[S]uits based on cancelled claims must be dismissed."  *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338 (Fed. Cir. 2013); *see also Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("The claim being invalid there is nothing to be infringed.").  Because all of Corel's asserted claims have been held invalid by the USPTO, at Corel's own urging, Corel's claim of infringement with respect to the '996 patent is now resolved.[1]  Therefore, Microsoft respectfully requests that this Court enter judgment against

/ / /

/ / /

/ / /

---

[1] Corel has separately filed a Motion to Lift the Stay and for Leave to Amend Final Infringement Contentions.  [Docket No. 141.]  As Microsoft will explain in its opposition to that motion, there is no reason to grant the relief Corel seeks, and instead the Court should grant this motion and dismiss the '996 patent from this action.

4

Corel and in favor of Microsoft on Corel's third claim for relief based on infringement of the '996 patent.  A proposed judgment is filed herewith.


Dated:  February 28, 2017                    FISH & RICHARDSON P.C.


                                             By:  */s/ Jonathan J. Lamberson*
                                                  Jonathan J. Lamberson

                                             Attorneys for Defendant
                                             MICROSOFT CORPORATION


*Additional Counsel:*

Frank E. Scherkenbach (scherkenbach@fr.com) / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02110
Telephone:  (617) 542-5070
Facsimile:  (617) 542-5071

Karolina Jesien (jesien@fr.com) / *Pro Hac Vice*)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone:  (212) 765-5070
Facsimile:  (212) 258-2291

Attorneys for Defendant
MICROSOFT CORP.


51047533.doc

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2017, I electronically filed **DEFENDANT MICROSOFT CORPORATION'S MOTION FOR ENTRY OF JUDGMENT** with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Jonathan O. Hafen
Terry E. Welch
Stephen J. Hill
Chad S. Pehrson
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, UT 84111
jhafen@parrbrown.com
twelch@parrbrown.com
shill@parrbrown.com
cpehrson@parrbrown.com

Christine S. Yun Sauer
**ROBINS KAPLAN LLP**
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
cyunsauer@robinskaplan.com

Aaron R. Fahrenkrog
William H. Manning
John K. Harting
Benjamen C. Linden
**ROBINS KAPLAN LLP**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
afahrenkrog@robinskaplan.com
wmanning@robinskaplan.com
jharting@robinskaplan.com
blinden@robinskaplan.com

*/s/ Francine Lopacinski*
Francine Lopacinski

51047533.doc