| | |
|---|---|
| William H. Manning (*pro hac vice*) | Jonathan O. Hafen (Utah Bar. No. 6096) |
| wmanning@robinskaplan.com | jhafen@parrbrown.com |
| Aaron R. Fahrenkrog (*pro hac vice*) | Terry E. Welch (Utah Bar. No. 5819) |
| afahrenkrog@robinskaplan.com | twelch@parrbrown.com |
| John K. Harting (*pro hac vice*) | Stephen J. Hill (Utah Bar. No. 1493) |
| jharting@robinskaplan.com | shill@parrbrown.com |
| Benjamen C. Linden (*pro hac vice*) | Chad S. Pehrson (Utah Bar No. 12622) |
| blinden@robinskaplan.com | cpehrson@parrbrown.com |
| ROBINS KAPLAN LLP | PARR BROWN GEE & LOVELESS |
| 2800 LaSalle Plaza | 101 South 200 East, Suite 700 |
| 800 LaSalle Avenue | Salt Lake City, UT 84111 |
| Minneapolis, MN 55402–2015 | Telephone:   801-532-7840 |
| Telephone:   612-349-8500 | |
| Facsimile:    612-339-4181 | |

Attorneys for Plaintiff Corel Software, LLC

*Additional counsel listed on signature page*

# IN THE UNITED STATES DISTRICT COUNT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>    Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No. 2:15-cv-00528-JNP-PMW<br><br>**PLAINTIFF COREL SOFTWARE, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff Corel Software, LLC ("Corel") hereby opposes Defendant Microsoft Corporation's ("Microsoft") Motion for Entry of Judgment ("Motion"). Dkt. No. 145.

## I.    INTRODUCTION

The question of Microsoft's infringement of the '996 Patent has not been fully resolved.

1

Corel has continually maintained that Microsoft infringes claims beyond those Microsoft challenged in IPR, and now is the appropriate time—and this the appropriate forum—to resolve those assertions. Corel relinquished its rights in the claims that Microsoft challenged in the IPR proceeding in order to focus the disputes at issue while simultaneously advancing the litigation toward resolution instead of further delaying this proceeding. The claims that Microsoft chose not to challenge—and that recite inventive limitations that the PTAB found missing from the prior art—remain at issue. The question before the Court, as raised by Microsoft's motion and Corel's co-pending motion to lift the litigation stay and amend its infringement contentions for the '996 Patent (Dkt. 141), is how best to resolve the dispute between the parties as to this patent.

Microsoft's motion for entry of judgment under Federal Rule of Civil Procedure 58 and Local Rule 58-1 as to the '996 Patent is procedurally improper. Rule 58 concerns the manner and timing of the entry of judgment. The rule does not apply—as in this case with respect to the '996 Patent—when there has been no opinion or memorandum from the Court from which judgment should be entered.

Furthermore, Microsoft's motion is premature.  Corel accused Microsoft of infringement of the '996 patent and has continually maintained that Microsoft infringes claims beyond those Microsoft challenged in IPR. Corel cancelled the claims tied up in the IPR proceeding, but the rest remain valid and enforceable. Accordingly, Corel has a pending motion before this Court for leave to amend its Final Infringement Contentions to substitute in claims from the '996 Patent that were not disclaimed or at issue in IPR. (*See* Dkt. 141.) If the Court grants Corel's pending motion to amend to substitute claims from the '996 Patent, Microsoft's motion will be moot. Corel respectfully requests that the Court deny Microsoft's motion for entry of judgment.

## II.   STATEMENT OF FACTS[1]

Corel commenced the present patent infringement suit against Microsoft in July 2015 asserting infringement of three patents: U.S. Patent No. 6,731,309 (the "'309 Patent"); U.S. Patent No. 7,827,483 (the "'483 Patent"); and U.S. Patent No. 8,700,996 (the "'996 Patent"), each entitled "Real Time Preview" (collectively, the "Real Time Preview patents"). (Dkt. 2 at ¶¶ 9, 161-175.) By express limits in the Utah Patent Local Rules, Corel limited the asserted claims of the '996 Patent to claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 in its Initial Infringement Contentions, and claims 1, 3, 8, 13, 14, 22, 24, and 28 in its Final Infringement Contentions. (*See* Dkt. 141-9, 141-10.) In both instances, however, Corel advised Microsoft that "Corel believes that Microsoft infringes additional claims of the asserted patents." (*Id.*)

Near the close of fact discovery, Microsoft filed five petitions with the United States Patent & Trademark Office ("USPTO") for *inter partes* review ("IPR") of the asserted claims of the Real Time Preview Patents. Four of the five petitions were denied. (Dkt. 141-1, 141-2, 141-3, 141-4.) The fifth petition—directed to claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of the '996 Patent—was instituted. (Dkt. 141-5.) Instead of waiting for resolution on the merits—a process that could take up to an additional eight months excluding appeals—Corel opted to disclaim the instituted claims of the '996 Patent pursuant to 37 C.F.R. 1.321 and move for adverse judgment to terminate the IPR proceedings on February 27, 2017. (*See* Dkt. 141-13, 141-14.) The following day, the USPTO terminated the one IPR proceeding. (Dkt. 145-1.) Although Corel cancelled the claims identified above, all other claims of the '996 Patent remain valid and

---

[1] Corel's pending motion to lift the stay and for leave to amend Final Infringement Contentions for the '996 Patent more fully addresses the procedural posture and history of the case. (*See* Dkt. 141.)

enforceable.[2]

The same day that Corel disclaimed the instituted claims of the '996 Patent and moved for adverse judgment, Corel filed a motion with this Court requesting that the Court lift the litigation stay and allow leave for Corel to amend its Final Infringement Contentions for the '996 Patent to substitute in claims 5 and 18 for the disclaimed claims. (Dkt. 141.) That motion is currently pending and more fully explains the basis for Corel's requested relief.

Following the USPTO's entry of adverse judgment in the IPR, Microsoft brought the present motion for entry of judgment with respect to the '996 Patent pursuant to Fed. R. Civ. P. 58 and L.R. 58-1. (Dkt. 145.) Microsoft has not moved for judgment on the pleadings or summary judgment pursuant to Federal Rules of Civil Procedure 12 or 56. Nor has the Court entered an opinion or order as to how the parties are to proceed with the respect to Corel's infringement claims following the USPTO order and Corel's motion for leave to amend.

## III. ARGUMENT

### A. Microsoft's motion is procedurally incorrect and improper.

Microsoft's motion under Fed. R. Civ. P. 58 and Local Rule 58-1 is procedurally improper because there is no underlying memorandum or opinion from this Court from which judgment may be entered. "Rule 58 applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as

---

[2] Microsoft represents in its motion that the USPTO "has entered a final judgment of invalidity against Corel." (Dkt. 145-1.) Microsoft is incorrect. The USPTO's order merely states that "judgment is entered herein against Patent Owner with respect to claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of U.S. Patent No. 8,700,996 B2." (*Id.*) The order does not say the claims are invalid. The order does not say that '996 Patent is invalid.

defendant's motion for summary judgment is granted. In such a situation, a judgment must be set out on a document separate from the opinion or memorandum." *Hull v. United States*, 971 F.2d 1499, 1508 (10th Cir. 1992) (quoting *United States v. Clearfield State Bank*, 497 F.2d 356, 358-59 (10th Cir. 1974)) (applying pre-2002 version of rule); *see also Barber v. New Enter. Stone & Lime Co.*, No. 05-285J, 2006 U.S. Dist. LEXIS 35242, at *19 (W.D. Pa. May 31, 2006) ("Both of these rules [54 and 58] apply only where there has been an adjudication of one or more or even all claims within a civil action.").

Here, there is no memorandum or opinion of this Court disposing of any portion of the case. Nor has Microsoft moved the Court under Rule 56 or Rule 12. Absent an existing opinion, memorandum, or decision from this Court, there is no need for a separate document entering judgment pursuant to Fed. R. Civ. P. 58. *See Barber*, 2006 U.S. Dist. LEXIS 35242, at *19 (denying motion for entry of judgment as procedurally improper).

Microsoft's motion is also procedurally improper because it requests final judgment as to one of multiple claims of patent infringement in this case. "The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments except in those special instances covered by statute." Fed. R. Civ. P. 54 advisory committee's note to 1946 amend (citing *Hohorst v. Hamburg-American Packet Co.*, 148 U.S. 262, 13 S. Ct. 590, 37 L. Ed. 443, 1893 Dec. Comm'r Pat. 273 (1893), *Rexford v. Brunswick-Balke-Collender Co.*, 228 U.S. 339, 33 S. Ct. 515, 57 L. Ed. 864 (1913), and *Collins v. Miller*, 252 U.S. 364, 40 S. Ct. 347, 64 L. Ed. 616 (1920)). "The general and almost always-applied rule is that a district court enters judgment only once, at the end of the case when everything—every claim against every party—has been decided." *Nat'l Union Fire Ins. Co. v. Donaldson Co.*, No. 10-4948 (JRT/TNL), 2016 U.S. Dist. LEXIS 104830, at *9 (D. Minn. Aug. 8, 2016) (citing

*Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)).

Here, Corel has asserted multiple claims of patent infringement across the three Real Time Preview patents—the '309 Patent, the '483 Patent, and the '996 Patent. (Dkt. 2 at ¶¶ 161-175.) Federal Rule of Civil Procedure 54(b) offers a limited exception to the final judgment rule, but Microsoft has not moved under Rule 54(b) and does not provide any reason why the circumstances meet the exception. *See* Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.")

Even if the Court treated Microsoft's motion as one for judgment on the pleadings under Rule 12 or summary judgment under Rule 56, the motion must be denied for failure to apply the proper legal standards under either Rule.

### B.    Microsoft's motion is premature.

Even assuming the Court were to style Microsoft's motion as one under Rule 12 or Rule 56, Microsoft's it would still be premature because the Court has not heard Corel's pending motion to amend its Final Infringement Contentions for the '996 Patent.

Corel has filed a motion to amend its Final Infringement Contentions to assert claims 5 and 18 of the '996 Patent. These two claims were not disclaimed by Corel[3] nor subject to an

---

[3] Corel's disclaimer was not an acknowledgment that Corel had been advancing invalid patent claims in this litigation or an acknowledgment of invalidity of the non-disclaimed claims. As stated in Corel's co-pending motion to lift the stay and for leave to amend Final Infringement Contentions, Corel did not agree with the USPTO's preliminary decision of unpatentability as to the '996 Patent. Among other reasons, Corel disagreed with the USPTO's "broadest reasonable interpretation" of the '996 Patent claims—a broader standard than the *Phillips* standard applied by district courts. *See PPC Broadband, Inc. v. Corning Optical Communications RF*, 815 F.3d 747, 756 (Fed. Cir. 2016). Corel's co-pending motion seeks to substitute two '996 patent claims into its Final Infringement Contentions that include a limitation the USPTO expressly found was not present in Microsoft's asserted prior art. (*See* Dkt. 141 at 15-22.)

adverse judgment from the USPTO. (Dkt. 141.)  Therefore, if the Court grants Corel's motion to amend, Microsoft's motion—regardless of its characterization—will be moot.

## IV.     CONCLUSION

Accordingly, Corel respectfully requests that the Court deny Microsoft's motion for entry of judgment pursuant to Rule 58 and Local Rule 58-1. In the alternative, Corel respectfully requests the opportunity to submit additional briefing in opposition to Microsoft's motion if the Court decides to hear the motion under Rule 12 or Rule 56.

DATED: March 14, 2017                **PARR BROWN GEE & LOVELESS**

 /s/    Chad S. Pehrson
Jonathan O. Hafen
Terry E. Welch
Stephen J. Hill
Chad S. Pehrson

**ROBINS KAPLAN LLP**
William H. Manning
Aaron R. Fahrenkrog
John K. Harting
Benjamen C. Linden
Shui Li
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402–2015
Telephone:   612-349-8500
Facsimile:   612-339-4181
wmanning@robinskaplan.com
afahrenkrog@robinskaplan.com
jharting@robinskaplan.com
blinden@robinskaplan.com
sli@robinskaplan.com

Christine S. Yun Sauer
2440 West El Camino Real, Suite 100
Mountain View, CA 94040
Telephone:   650-784-4040
Facsimile:   650-784-4041
cyunsauer@robinskaplan.com

**ATTORNEYS FOR PLAINTIFF
COREL SOFTWARE, LLC**

## CERTIFICATE OF SERVICE

I, Andrea Foutz, hereby certify that on March 14, 2017, I filed the foregoing document with the Court's CM/ECF electronic filing system, which serves an electronic copy of the document upon all counsel of record in the case, including the following:

Frank E. Scherkenbach (*pro hac vice*)
scherkenbach@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive
Boston, MA 02110
Telephone: (617) 542-5070
Facsimile: (617) 542-5071
scherkenbach@fr.com

Jonathan J. Lamberson (*pro hac vice*)
Bryan K. Basso (*pro hac vice*)
Cong Yao (*pro hac vice*)
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
lamberson@fr.com
basso@fr.com
yao@fr.com

Karolina Jesien (*pro hac vice*)
**FISH & RICHARDSON P.C.**
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
jesien@fr.com

James S. Jardine (Utah Bar No. 1647)
Samuel C. Straight (Utah Bar No. 7638)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jjardine@rqn.com
sstraight@rqn.com

DATED: March 14, 2017     By:  */s/* Andrea Foutz