IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COREL SOFTWARE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendants. | **ORDER DENYING MOTION TO LIFT STAY** <br><br><br> Case No. 2:15-CV-00528-JNP-PMW <br><br> Judge Jill N. Parrish |

Before the court is Corel Software's motion to lift the litigation stay and for leave to amend its final infringement contentions. [Docket 141]. In determining whether to lift the stay, the court considers the same factors for granting a stay—namely: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Larson Archery Co. v. Mathews, Inc.*, No. 1:11-CV-126-TS, 2013 WL 139472, at *1 (D. Utah Jan. 10, 2013) (citation omitted).

Given that the USPTO has not yet considered Microsoft's prior art evidence for the '309 patent, there is a substantial likelihood that the USPTO may simplify the issues in this case if it grants *ex parte* reexamination. Additionally, discovery is not yet complete and a trial date has not been set. Finally, the court recognizes that the additional delay occasioned by the *ex parte* review—like any delay in litigation—may prejudice the plaintiff in this action to some degree. But the "delay inherent in the reexamination process does not constitute, by itself, *undue* prejudice." *Id.* at *2. The court concludes that the delay caused by the *ex parte* review will not

unduly prejudice Corel or present a clear tactical advantage to Microsoft. Corel's motion to lift the stay is therefore DENIED.

Because the litigation stay remains in place, the court does not address Corel's motion to amend its final contentions.

Signed May 23, 2017.

BY THE COURT:

JILL N. PARRISH
United States District Judge