IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ENTRY OF JUDGMENT**<br><br>Case No. 2:15-CV-00528-JNP-PMW<br><br>Judge Jill N. Parrish |

Before the court is Microsoft Corporation's motion for entry of judgment on Corel Software LLC's third cause of action for infringement of U.S. Patent No. 8,700,996 (996 patent). [Docket 145]. Invoking Rule 58 of the Federal Rules of Civil Procedure, Microsoft argued in its motion that it is entitled to judgment on this cause of action because Corel filed a statutory disclaimer as to the only claims of the 996 patent that are currently before this court (claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28) and requested that the United States Patent and Trademark Office (USPTO) enter judgment against itself as to these claims in the *inter partes* review proceedings. Pursuant to Corel's request, the USPTO entered a judgment against it with respect to the claims 1, 3, 6, 8, 13, 14, 20, 22, 24, and 28 of the 996 patent.

Corel opposes Microsoft's motion for entry of judgment, arguing that it is procedurally improper for two reasons. First, it argues that this court cannot enter judgment under Rule 58 until it makes its own determination—pursuant to Rule 56 or some other rule—that Microsoft has prevailed on the cause of action for infringement of the 996 patent. Second, Corel argues that because Microsoft asked for a judgment on only one of the causes of action pending in this lawsuit, Microsoft actually requests an interlocutory judgment pursuant to Rule 54(b). Corel

asserts that because Microsoft made no attempt to justify the disfavored practice of entering piecemeal judgments, the motion for entry of judgment should be denied.

In its reply brief, Microsoft argues that there is no need for this court to make a separate determination of who has prevailed on the 996 patent cause of action before entering judgment; the judgment entered by the USPTO suffices. Microsoft also argues for the first time that it does not seek entry of a traditional, final and appealable judgment—i.e. what the Federal Rules of Civil Procedure calls a "judgment." FED. R. CIV. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). Instead, Microsoft clarifies that it seeks a different species of judgment entirely. It requests the entry of what it labels as a non-final and non-appealable judgment. Microsoft argues that nothing prevents the court from entering such a judgment on one of Corel's causes of action.

Setting aside the question of whether this court must adjudicate the 996 patent cause of action before entering judgment on it, the court declines Microsoft's invitation to enter a non-final, non-appealable judgment on this cause of action. Microsoft cites a few cases in which a trial court entered a judgment that was later deemed to be non-final. *See Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 428 (6th Cir. 1999) (holding that post-judgment interest ran from the trial court's entry of a partial, non-final judgment rather than from a later final judgment); *e.Digital Corp. v. Futurewei Techs., Inc.*, 772 F.3d 723, 727 (Fed. Cir. 2014) (holding that a "district court did not abuse its discretion in converting [a] partial judgment of noninfringement to a final judgment under FED. R. CIV. P. 54(b)"); *Certain Underwriters at Lloyd's v. Milberg LLP*, No. 08 CIV. 7522 LAP, 2010 WL 1838886, at *5 (S.D.N.Y. May 4, 2010) (ruling that a judgment entered by the clerk of the court was not final). But Microsoft does not cite a rule of civil procedure that sanctions the entry of non-final judgments, outline the

standards for entering a non-final judgment, or explain what possible procedural purpose such a judgment could serve.

The court, therefore, DENIES Microsoft's motion for entry of judgment. [Docket 145].

DATED August 31, 2018.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge