# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **COREL SOFTWARE, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **MICROSOFT CORPORATION,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> **Case No. 2:15-cv-00528-JNP-PMW** <br><br> **District Judge Jill N. Parrish** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Defendant Microsoft Corporation's ("Microsoft") short form discovery motion for protective order[2] and Plaintiff Corel Software, LLC's ("Corel") short form motion to compel.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

---

[1] *See* docket no. 25.

[2] *See* docket no. 171.

[3] *See* docket no. 173.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

In its motion, Microsoft seeks a protective order barring further retention and production of its telemetry data ("Telemetry Data"). Microsoft admits that it has already produced some Telemetry Data to Corel, but contends that producing all Telemetry Data is infeasible because of its size. Microsoft asserts that locating the portion of Telemetry Data that relates to the Live Preview feature, which is the feature accused of infringement in this case, is highly burdensome. Microsoft further maintains that retaining Telemetry Data "raises tension with Microsoft's obligations under the European General Data Protection Regulation 2016/679 ["GDPR"], which regulates (among other things) telemetry data and would require additional burdensome steps to anonymize the data."[4] For those reasons, Microsoft argues that continued retention and

---

[4] Docket no. 171 at 3.

production of Telemetry Data is "technically challenging and cost prohibitive," cumulative in nature, unlikely to add any probative value, and disproportional to the needs of this case.[5]

In response, Corel argues that Telemetry Data is relevant to infringement, damages, and validity, and, therefore, it should be retained and produced by Microsoft. Corel also contends that Microsoft has failed to establish that retention and production of Telemetry Data would result in undue burden or expense because Microsoft has not presented any support for its contentions concerning the alleged burden of isolating the Live Preview data or the alleged tension with GDPR. Corel further asserts that the Telemetry Data it now seeks is not cumulative because it relates to a time period distinct from the time period for which Microsoft already produced Telemetry Data. Finally, Corel argues that its request for additional Telemetry Data is proportional to the needs of the case because it is seeking only Telemetry Data that is relevant to showing usage of Live Preview, as opposed to all Telemetry Data.

Corel's motion to compel also relates to Telemetry Data. In its motion, Corel seeks compelled production of all Telemetry Data relating to the usage of the Live Preview feature, along with documents sufficient to identify the extent of any deleted Telemetry Data. Corel also requests compelled production of documents describing Microsoft's telemetry systems and decoding of Telemetry Data, as well as the deposition of knowledgeable witness regarding the Telemetry Data, Microsoft's telemetry systems, Microsoft's deletion schedule for Telemetry Data, and methods of decoding Telemetry Data. In support of its motion, Corel presents substantially the same arguments it raised in opposing Microsoft's motion for protective order.

---

[5] *Id.*

In response to Corel's motion, Microsoft presents substantially the same arguments it asserted in support of its motion for protective order. Microsoft also contends that Corel's requests for compelled production of documents describing Microsoft's telemetry systems and the Corel's request for a deposition should be denied because the fact discovery deadline in this case has passed. As for Corel's other two requests, Microsoft urges the court to deny them, but does not argue that they are improper because the discovery deadline has expired.

With one exception, the court is not persuaded by Microsoft's arguments. With respect to the sole exception, the court concludes that Corel is not entitled to compelled production of documents describing Microsoft's telemetry systems or production of a Microsoft deponent because the fact discovery deadline has passed.

As for Corel's two remaining requests, the court concludes that Corel is entitled to discovery of Telemetry Data related to usage of Live Preview and information regarding its deletion. With respect to Microsoft's request for a protective order, the court concludes that Microsoft must continue to retain and produce Telemetry Data related to usage of Live Preview. The court has reached those conclusions for two primary reasons.

First, the court is persuaded that Telemetry Data related to usage of Live Preview and information regarding its deletion are directly relevant to the claims and defenses in this case. Specifically, the court agrees with Corel's argument that such information is directly relevant to infringement, damages, and validity. Importantly, Microsoft has not disputed the relevance of either Telemetry Data or information concerning its deletion and, based upon Microsoft's prior production of some Telemetry Data, Microsoft essentially concedes its relevance.

Second, the court concludes that production of Telemetry Data and information about its deletion is proportional to the needs of this case. In reaching that conclusion, the court has weighed the relevant factors set forth in Rule 26(b)(1). The court has determined that the information sought by Corel is important to and will help resolve the issues at stake in this case, as that information is directly relevant to the parties' claims and defenses. The court has also considered Microsoft's resources and has determined that those resources weigh against a finding that production of the information sought by Corel is unduly expensive. Additionally, the court is not persuaded by Microsoft's arguments concerning undue burden. Contrary to those arguments, the court concludes that, for many of the reasons already stated, the benefit of producing the information sought by Corel outweighs the burden and expense imposed upon Microsoft. Finally, the court is unpersuaded by Microsoft's argument that the information sought by Corel is cumulative in nature and unlikely to add any probative value. The court agrees with Corel's argument that the information it seeks is from a distinct time period and, therefore, will add probative value.

In summary, IT IS HEREBY ORDERED:

1. Microsoft's short form discovery motion for a protective order[6] is DENIED.
2. Microsoft shall continue to retain and produce Telemetry Data related to the usage of Live Preview.

---

[6] *See* docket no. 171.

3. Corel's short form motion to compel[7] is GRANTED IN PART and DENIED IN PART.

4. Microsoft is not required to produce documents describing its telemetry systems and decoding of Telemetry Data or a deponent who is knowledgeable regarding the Telemetry Data, Microsoft's telemetry systems, Microsoft's deletion schedule for Telemetry Data, and methods of decoding Telemetry Data.

5. Within thirty (30) days after the date of this order, Microsoft shall produce to Corel all Telemetry Data related to the usage of Live Preview and documents sufficient to identify the extent of any deleted Telemetry Data related to the usage of Live Preview.

IT IS SO ORDERED.

DATED this 5th day of October, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[7] *See* docket no. 173.