# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00528-JNP-PMW<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Defendant Microsoft Corporation's ("Microsoft") short form discovery motion re: reexamination discovery[2] and (2) Plaintiff Corel Software, LLC's ("Corel") motion for reconsideration[3] of a memorandum decision and order issued by the court on October 5, 2018 ("October 5 Order").[4] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 25.

[2] *See* docket no. 178.

[3] *See* docket no. 193.

[4] *See* docket no. 187.

## **LEGAL STANDARDS**

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

## **ANALYSIS**

**I.     Microsoft's Short Form Discovery Motion re: Reexamination Discovery**

Microsoft seeks a court order compelling Corel to produce certain information associated with the reexamination of U.S. Patent No. 6,731,309 ("309 Patent"). Microsoft alleges that during reexamination of the 309 Patent, two Corel attorneys and one Corel expert ("Bederson") made two material misrepresentations about the operation of a key prior art reference called QuarkXPress. Microsoft further asserts that Corel's misrepresentations led the United States Patent and Trademark Office ("USPTO") to affirm the validity of asserted claims 2 and 3 of the 309 Patent.

Following the USPTO decision, Microsoft requested that Corel produce certain documents related to the reexamination and to make the above-referenced Corel attorneys and Bederson available for depositions. Corel refused, arguing that the discovery was not relevant and that it was protected by the attorney-client privilege and the work-product doctrine.

In its motion, Microsoft argues that the reexamination discovery it seeks is directly relevant to invalidity. Microsoft also argues that the discovery is not protected by the attorney-client privilege and that Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure allows Microsoft to obtain the discovery despite Corel's claim of work-product protection.

In response, Corel correctly notes that the USPTO specifically stated in its decision that "[t]he Bederson declaration and Patent Owner's remarks" were the basis for its decision on claims 2 and 3 of the 309 Patent.[5] Corel asserts that Microsoft has in its possession the entire reexamination record used by the USPTO in affirming the patentability of claims 2 and 3 of the 309 Patent, including the Bederson declaration and the Patent Owner's remarks. Accordingly, Corel argues that Microsoft already has all relevant information the USPTO relied upon. Corel further argues that the reexamination discovery sought by Microsoft is protected by the attorney-client privilege and the work-product doctrine, and that Corel cannot meet its burden under Rule 26(b)(3)(A) to pierce Corel's claim of work-product protection.

The court agrees with Corel's argument that Microsoft already possesses all relevant information associated with the USPTO reexamination. As stated above, the USPTO specifically stated the basis for its decision to affirm the patentability of claims 2 and 3 of the 309 Patent.

---

[5] Docket no. 179, Exhibit 1 at 16.

Microsoft does not dispute that it already has all of that information. Microsoft's speculative claim that the USPTO may have relied upon additional information is directly contradicted by the above-referenced statement in the USPTO decision.

Accordingly, Microsoft's motion to compel is denied. Because the court has concluded that Corel has already produced all relevant reexamination discovery, the court need not reach the issues of whether the reexamination discovery sought by Microsoft is protected by Corel's claims of attorney-client privilege and/or work-product doctrine.

## II. Corel's Motion for Reconsideration of the October 5 Order

Corel asks the court to reconsider the October 5 Order because, according to Corel, the portion of the order denying in part Corel's motion to compel was based on misapprehended facts. In the relevant portion of the October 5 Order, the court denied the portion of Corel's motion to compel production of documents describing Microsoft's telemetry systems and production of a Microsoft deponent. The basis for that denial was that Corel was seeking the discovery after expiration of the fact discovery deadline.

In the instant motion, Corel contends that the court should reconsider the above-referenced portion of the October 5 Order because Corel did in fact seek the discovery during the fact discovery period. Corel also asserts that Microsoft's responses to Corel's discovery requests seeking that information were deficient in several respects.

In response, Microsoft argues that Corel has not demonstrated any basis for reconsideration of the October 5 Order. Microsoft further asserts that if Corel believed that Microsoft's responses to discovery requests were somehow deficient, Corel should have raised those issues prior to the expiration of fact discovery.

"A motion for reconsideration is not specifically provided for in the rules of civil procedure." *Lacefield v. Big Planet*, No. 2:06-cv-844-DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008). However, it is within the court's discretion to reconsider a previous order. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

The court concludes that Corel has not asserted a proper basis for reconsideration of the October 5 Order. Corel's main argument is that the court misapprehended the facts in the October 5 Order. The court disagrees. In denying the portion of Corel's motion to compel referenced above, the court stated that the sole basis for that decision was that fact discovery had closed. Corel does not dispute that fact discovery is indeed closed.

Instead, Corel appears to argue that because it served certain discovery requests before the fact discovery deadline, that somehow dictates that it should now be allowed to seek compelled responses from Microsoft to those discovery requests, notwithstanding the fact that fact discovery closed long ago. That argument fails for several reasons. First, it is not a proper basis for seeking reconsideration. Second, if Corel had issues with Microsoft's responses to discovery requests, those issues should have been raised long ago prior to the expiration of fact discovery.

For those reasons, Corel's motion to reconsider the October 5 Order is denied.

## CONCLUSION AND ORDER

In summary, IT IS HEREBY ORDERED:

1. Microsoft's short form discovery motion re: reexamination discovery[6] is DENIED.

2. Corel's motion for reconsideration of the October 5 Order[7] is DENIED.

IT IS SO ORDERED.

DATED this 18th day of January, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* docket no. 178.

[7] *See* docket no. 193.