# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **COREL SOFTWARE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00528-JNP-PMW<br><br>**District Judge Jill N. Parrish**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Corel Software, LLC's ("Corel") motion to compel discovery from Mr. Bill Gates ("Mr. Gates").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

In its motion, Corel requests that the court compel Defendant Microsoft Corporation ("Microsoft") to produce certain electronically stored information ("ESI") from Mr. Gates and make Mr. Gates available for a four-hour deposition. Microsoft opposes Corel's motion.

---

[1] *See* docket no. 25.

[2] *See* docket no. 211.

Because the fact discovery deadline in this case passed in June 2016, Corel must persuade the court that fact discovery should be reopened to allow the discovery Corel now seeks.

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). "Under rule 6(b) of the Federal Rules of Civil Procedure, the court may extend discovery for good cause and excusable neglect." *Vitamins Online, Inc. v. Heartwise, Inc.*, No. 2:13-CV-00982-DAK-PMW, 2016 WL 1305144, at *5 (D. Utah Mar. 31, 2016). The Tenth Circuit has set forth the following factors for courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d at 169.

The court turns to considering those factors in this case. While the court will consider all of the factors, it has determined that the factors relating to diligence and foreseeability are the most relevant in deciding Corel's motion.

Trial is not imminent in this case, and Microsoft has not persuaded the court that it would suffer any specific prejudice by allowing the discovery sought by Corel. Both of those factors weigh in favor of reopening fact discovery. Microsoft has opposed Corel's request, which weighs against reopening discovery.

The court next addresses whether the discovery sought by Corel was foreseeable before the expiration of the discovery period. The court concludes that it was foreseeable, which

weighs against reopening discovery. As early as October 2015, Corel identified Mr. Gates as a relevant witness in its initial disclosures but did not raise the issue of taking Mr. Gates' deposition with the court until after expiration of fact discovery when it filed its original motion to compel Mr. Gates' deposition in August 2016.[3]

The court next addresses whether Corel was diligent in obtaining the discovery it seeks before expiration of fact discovery. The court concludes that Corel was not diligent in that respect, which weighs against reopening discovery. As for Mr. Gates' deposition, as noted above, Corel identified him early in this case as a relevant witness but was not diligent in seeking to take his deposition. Corel was likewise not diligent in seeking Mr. Gates' ESI. It does not appear that Corel ever sought to search Mr. Gates' ESI during fact discovery. Furthermore, Corel did not raise the issue of Mr. Gates' ESI when it filed its original motion to compel Mr. Gates' deposition.

To explain the timing of its late efforts to seek discovery from Mr. Gates, Corel takes issue with the timing of Microsoft's production of ESI from Mr. Steven Sinofsky ("Mr. Sinofsky") and certain documents related to a Department of Justice investigation ("DOJ Documents"). Corel contends that Microsoft did not produce Mr. Sinofsky's ESI and the DOJ Documents until just before and after the close of fact discovery. In essence, Corel asserts that it did not know until it reviewed that discovery that it needed the discovery it now seeks from Mr. Gates. However, Microsoft asserts that it made the DOJ Documents available for inspection in or around October 2015, but Corel chose not to inspect them until near the end of fact discovery.

---

[3] *See* docket no. 120.

Additionally, Microsoft asserts Corel did not provide search terms to Microsoft for Mr. Sinofsky's ESI until May 2016. Corel does not dispute either of those assertions in its reply memorandum in support of the instant motion. Based on that record, the court concludes that Corel's contentions about the timing of Microsoft's production are unpersuasive.

The sixth and final factor addresses the likelihood that the discovery sought by Corel will lead to relevant evidence. Without rendering an opinion on the issue, even if the court were to assume for the sake of argument that Corel has established that this factor weighs in favor of reopening discovery, the court would still conclude that the factors of foreseeability and diligence weigh heavily against reopening discovery.

After weighing the required factors, the court concludes that discovery will not be reopened to allow Corel to obtain the discovery it now seeks through the instant motion. Accordingly, IT IS HEREBY ORDERED that Corel's motion to compel discovery from Mr. Gates[4] is DENIED.

IT IS SO ORDERED.

DATED this 13th day of February, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 211.