# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **COREL SOFTWARE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00528-JNP-PMW<br><br>**District Judge Jill N. Parrish**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Jill N. Parrish referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Microsoft Corporation's ("Microsoft") motion to stay this action.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## **RELEVANT BACKGROUND**

On February 20, 2019, Microsoft filed a request for ex parte reexamination ("Reexamination") with the United States Patent and Trademark Office ("USPTO"), challenging the validity of the two asserted claims (5 and 18) of U.S. Patent No. 8,700,996 ("996 Patent").

---

[1] *See* docket no. 25.

[2] *See* docket no. 230.

The 996 Patent is one of the three related patents that are the subject of this infringement action. On April 8, 2019, Microsoft filed a notice with the court indicating that the USPTO has decided to conduct the Reexamination.[3]

In the motion before the court, Microsoft seeks a stay of this action pending the resolution of the Reexamination. Plaintiff Corel Software, LLC ("Corel") opposes Microsoft's motion.

## ANALYSIS

"The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the [USPTO]'s reexamination of a patent by that Office." *Larson Archery Co. v. Mathews, Inc.*, No. 1:11-CV-126 TS, 2013 WL 139472, at *1 (D. Utah Jan. 10, 2013) (footnote and citation omitted). In general, courts consider the following factors in determining whether to stay litigation proceedings pending USPTO reexamination: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Pool Cover Specialists Nat'l, Inc. v. Cover-Pools Inc.*, No. 2:08CV879DAK, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009).

### I. Simplification of the Issues

Microsoft argues that the Reexamination will likely result in cancellation of claims 5 and 18 of the 996 Patent, thereby streamlining this case. Corel contends that Microsoft's argument is speculative, and that the Reexamination likely will not simplify this case.

---

[3] *See* docket no. 245.

Given that the USPTO has decided to conduct the Reexamination, the court concludes that the Reexamination has at least the potential to simplify the issues in this case. The court also concludes that allowing this case to proceed while the Reexamination takes place, particularly if the Reexamination results in cancellation of claims 5 and 18 of the 996 Patent, could complicate the issues before the court, require reconsideration of certain issues, and result in piecemeal litigation. Furthermore, "'even if the reexamination [does] not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.'" *Id*. at *2 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1989)).

"Courts have recognized that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination proceedings.'" *Id*. (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)). Under that liberal policy, and considering the interests of judicial economy, the court concludes that this factor weighs in favor of a stay.

## II. Status of the Action

When this court previously imposed a stay in this case, the court considered this factor and concluded that it weighed in favor of a stay.[4] On June 6, 2018, that stay was lifted.[5] Since the lift of that stay, the parties have moved this case forward to some degree, but there are

---

[4] *See* docket no. 127.

[5] *See* docket no. 158.

substantial proceedings yet to be completed. While the parties have recently begun the claim construction process and summary judgment proceedings, as when the prior stay was imposed, no trial date has been set. In short, the court concludes that the status of the case has not changed substantially since the imposition of the prior stay. Accordingly, the court again concludes that this factor weighs in favor of a stay. *See, e.g.*, *EMSAT Advanced v. T-Mobile USA, Inc.*, No. 4:08cv00817, 2011 WL 843205, at *2 (N.D. Ohio Mar. 8, 2011) ("[T]here remain several costly stages of this litigation that may be eliminated or reduced depending upon the result of the reexamination of the patents-in-suit. Accordingly, the phase of this litigation, while not in its earliest stages, does not warrant denial of the motion to stay.").

### III.     Undue Prejudice or Tactical Advantage

The court is not persuaded that Corel will be unduly prejudiced by the imposition of a stay. As the court noted when imposing the prior stay, "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *CCP Sys. AG v. Samsung Elecs. Corp., Ltd.*, No. 09-CV-4354 DMC-JAD, 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010) (quotations and citations omitted) (alteration in original). Furthermore, as the court noted in its prior order imposing a stay, Corel has not sought injunctive relief in this case. "Many courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief." *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *6 (W.D. Wash. Oct. 7, 2013) (citing cases). Thus, Corel's "prior lack of urgency in this matter belies [any] insistence that the litigation move forward with all dispatch

now." *Id*. at *7 (quotations and citations omitted). While Corel may suffer some prejudice through the imposition of a stay, the court does not consider that prejudice to be undue.

The court is also not persuaded that Microsoft would gain any tactical advantage by the imposition of a stay pending resolution of the Reexamination. While Corel takes issue with the timing of Microsoft's decision to challenge claims 5 and 18 of the 996 Patent, Microsoft filed its reexamination request soon after receiving Corel's amended final infringement contentions and before serving its final invalidity contentions. Additionally, Microsoft moved for a stay soon after filing its reexamination request and made that motion within the deadline provided by this court's Local Patent Rules. *See* L.P.R. 3.5. Finally, while Corel argues that Microsoft could have challenged claims 5 and 18 of the 996 Patent sooner, it does not appear that Microsoft had any reason to do so until November 2018, when the court granted Corel's request for leave to amend its infringement contentions to assert those claims.[6] Given those facts, the court is not persuaded that Microsoft is somehow seeking to gain a tactical advantage through seeking a stay of this case pending resolution of the Reexamination.

## **CONCLUSION AND ORDER**

After consideration of the relevant factors, the court concludes that a stay of this action is appropriate pending the resolution of the Reexamination. Accordingly, IT IS HEREBY ORDERED:

1. Microsoft's motion to stay this action[7] is GRANTED.

---

[6] *See* docket no. 205.

[7] *See* docket no. 230.

2.  This action is STAYED pending resolution of the Reexamination.

IT IS SO ORDERED.

DATED this 14th day of May, 2019.

                                BY THE COURT:

                                PAUL M. WARNER
                                Chief United States Magistrate Judge