James S. Jardine (jjardine@rqn.com / SBN 1647)
Beth J. Ranschau (branschau@rqn.com / SBN 13846)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, UT 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543

Jonathan J. Lamberson (lamberson@whitecase.com / *Pro Hac Vice*)
Henry Huang (henry.huang@whitecase.com / *Pro Hac Vice*)
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 940306
Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158
Attorneys for Defendant
MICROSOFT CORPORATION
*Additional counsel listed on signature page*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| COREL SOFTWARE, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION,<br><br>           Defendant. | Case No. 2:15-cv-00528-JNP-DBP<br><br>**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS BILL OF COSTS**<br><br>Judge Jill N. Parrish<br>Chief Magistrate Judge Dustin B. Pead |

## **INTRODUCTION**

Microsoft defended this patent litigation for over a decade, incurring significant costs in taking depositions and obtaining documentation about the software products at issue, but seeks reimbursement for only qualifying and documented expenses under 28 U.S.C. § 1920.  In response, Corel objects to $128,497.51 of the $148,312.14 that Microsoft requests.  Corel's objections are unreasonable and contradict binding Tenth Circuit law.

First, Corel claims that most of Microsoft's deposition costs were not reasonably necessary and lack sufficient documentation.  These arguments are flawed.  Half the depositions were taken by Corel, so presumably Corel felt they were reasonably necessary, and it was reasonable for Microsoft to order copies of the transcripts for depositions Corel took.  As for the witnesses Microsoft deposed, they were identified by Corel as trial witnesses, expert witnesses, and Rule 30(b)(6) witnesses.  In a case such as this, where the Plaintiff is seeking billions of dollars in damages, Corel should have reasonably expected that Microsoft would depose the witnesses it disclosed.

As for Corel's objection to the costs of deposition videos, Corel relies on cases from California, but the Tenth Circuit allows recovery of such costs, noting that the parties can use videos at trial for unavailable witnesses or for impeachment, and that parties have leeway in how they preserve and present their evidence.  Here, because this case lasted for a decade, videos were particularly important, since witnesses who were once available would later become unavailable due to the passage of time.

Corel also contends that Microsoft's copying costs reflect prior art searches that are not taxable.  That too is wrong: Microsoft seeks costs only for obtaining copies of prior art, which are taxable under governing law, and not for the costs associated with searching for that prior art.

1

Because Corel presents no affirmative arguments or evidence to show why any specific cost was unnecessary or inaccurate, Microsoft's bill of costs should be awarded in full.

## ARGUMENT

"Rule 54(d) creates a presumption that the prevailing party shall recover costs." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995) (citation omitted). Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—*should be allowed* to the prevailing party." FED. R. CIV. P. 54(d)(1) (emphasis added). And under 28 U.S.C. § 1920, "[a] judge or clerk of any court of the United States may tax as costs … [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; … [and] [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." All the costs Microsoft seeks are recoverable by statute.

## I.   COREL'S OBJECTIONS TO DEPOSITION COSTS ARE MISPLACED

Corel raises four arguments against Microsoft's deposition costs under § 1920(2), but each of its arguments is unfounded.

First, Corel argues there is no explanation for why the disputed deposition transcripts were "necessarily obtained for use in the case." *See* ECF No. 441 at 1. This is wrong: Microsoft clearly said in its declaration that each witness was either identified by Microsoft in its initial disclosures as a trial witness, identified by Corel in its initial disclosures as a trial witness, identified by one of the parties as a Rule 30(b)(6) witness, or identified as an expert witness. ECF No. 438-1, ¶ 5. Corel never refutes this, and indeed it does not identify any specific witness that it contends was unnecessarily deposed. Roughly half the depositions were taken by *Corel*, so Corel presumably felt the depositions were necessary for use in the case. *See Callicrate v. Farmland Indus.*, 139

F.3d 1336, 1341 (10th Cir. 1998) (affirming costs because "it was also reasonable for the defendants to request copies of the depositions initiated by [plaintiff]"). Microsoft was justified in ordering copies of depositions Corel took so that it could also make use of those transcripts. As for witnesses Microsoft deposed, in a case such as this, where the Plaintiff is demanding billions of dollars in damages, Corel should have reasonably expected that Microsoft would depose any witness or expert Corel disclosed as a potential trial witness.

Corel cites two cases that are not from this District to support an argument that Microsoft must show how the deposition transcripts were actually used in this case in order to establish that they were necessary. One of Corel's cited cases actually contradicts its position: in *Shorter v. S. Cal. Buick Pontiac GMC Dealers Inc.*, No. CV167181DMGFFMX, 2019 WL 994964, at *3 (C.D. Cal. Jan. 7, 2019), the district court held that "[j]ust because the Association did not actually use the deposition in a trial does not mean it cannot recover the costs for taking it." More importantly, Corel's position is inconsistent with law from the Tenth Circuit, which holds that "materials may be taxable even if they are not strictly essential to the district court's resolution of the case," and that "any rule that permits costs only for depositions received in evidence or used by the court" is "surely flawed." *See In re Williams Secs. Litig.*, 558 F.3d 1144, 1148 (10th Cir. 2009) (citation omitted). In other words, the question is not whether the transcript was essential to the outcome of the case, or whether it was actually used, but rather whether it appeared reasonably necessary at the time it was taken. Here, because each witness was identified by a party as an important witness (via disclosure as a trial witness, as an expert witness, or as a Rule 30(b)(6) witness), it was reasonable for Microsoft to notice and take these depositions.

Second, Corel argues that deposition videos were unnecessary. *See* ECF No. 441 at 2. This argument ignores that the Tenth Circuit has expressly approved of recovering video costs:

> Permitting recovery of the costs of video depositions comports with public policy. We see no reason to penalize a prevailing party because the party has chosen to preserve and present testimony through a videotape instead of a printed transcript. [V]ideotaped depositions are a necessary and time effective method of preserving witnesses' time and allocating precious court and judicial time in this age of advanced court technology and over-crowded court calendars.

*Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997). Corel's sole argument is that videos for expert depositions were unnecessary because experts would testify at trial. *See* ECF No. 441 at 2. Those videos, however, could still be used for impeachment at trial, or for assessing the experts' credibility in preparation for trial.[1] Awarding costs for both written and video formats aligns with established law in this and other Districts and ensures that Microsoft is not unfairly disadvantaged for utilizing modern, effective methods of presenting and preserving evidence. *See Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) ("[W]e hold that, when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.").

Third, Corel asserts that costs other than "transcript fees" are "non-taxable deposition fees." *See* ECF No. 441 at 2. Corel provides no support for this assertion other than an unpublished case from another district. Specifically, Corel cites *Credit Acceptance Corp. v. Westlake Servs., LLC*, 2016 WL 11756102, at *5 (C.D. Cal. Jan. 5, 2016), for the proposition that a party cannot seek costs for expedited deposition transcripts, but that case turned on the text of a California Local Rule that only allowed costs for "non-expedited transcripts." No such rule has been adopted in this District. The items to which Corel now objects—such as realtime services, exhibits, and rough

---

[1] The written transcripts for these witnesses were also useful and necessary, for example in supporting or opposing motions for summary judgment. *See, e.g.*, ECF No. 387-4, 387-8, 387-12.

4

transcripts—are routinely requested for depositions, and are reasonably necessary for presenting exhibits and reviewing witness testimony. The Tenth Circuit "recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," and does not "employ the benefit of hindsight" in determining the necessity of such costs. *Williams*, 558 F.3d at 1148 (quoting *Callicrate*, 139 F.3d at 1340).

Fourth, Corel objects to deposition fees lacking an original invoice. *See* ECF No. 441 at 6. While Civil Local Rule 54-2(b)(B)(i) requires "applicable invoices," Microsoft explained that original invoices were not available for all depositions because of the long length of this litigation. Microsoft gave a listing of the amounts of these invoices from its counsel's records, which is the best documentation available under the circumstances. *See* ECF Nos. 438-1, 438-6. Corel does not dispute the fact that the depositions occurred, that Microsoft incurred costs because of the depositions, or that the identified costs are reasonable and consistent with the costs for other depositions. The Court should allow these costs.

## II.     COREL'S OBJECTIONS TO COPYING COSTS ARE MISPLACED

Corel presents three objections to Microsoft's exemplification and copying costs. Each is misplaced and inconsistent with the law in this district. The Tenth Circuit has "specifically noted that the burden of justifying copy costs is not 'a high one.'" *Williams*, 558 F.3d at 1149 (citation omitted).

First, Corel implies Microsoft does not explain why copying costs for books and software were reasonably necessary. *See* ECF No. 441 at 8. As Microsoft explained in its bill of costs and supporting materials, nearly all of the copying costs relate to obtaining copies of prior art software

and documentation.[2]  These items are relevant to the "scope and content" of the prior art, which is necessary in assessing patent obviousness.  *See KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (holding that assessing patent obviousness requires analyzing the "scope and content of the prior art").  Indeed, the Court ultimately decided the outcome of this case based on patent obviousness, making this prior art particularly important.  For example, Corel objects to costs related to Adobe Photoshop 4 (ECF No. 441 at 13), but that is the prior art software program that the Court relied upon in granting summary judgment of obviousness on Corel's '483 patent (ECF No. 429 at 1-2).  These costs were reasonably necessary for Microsoft to investigate the software products at issue.  The Tenth Circuit has explained that "[a] prevailing party need not justify each copy it makes. All a prevailing party must do to recoup copy costs is demonstrate to the district court that, under the particular circumstances, the copies were reasonably necessary for use in the case." *Williams*, 558 F.3d at 1149.  Here, obtaining relevant prior art software and manuals was reasonably necessary to demonstrate to the Court and to a jury why Corel's patents were obvious in light of software already on the market at the time Corel filed its patents in 1998.

Corel also argues that copying "prior art materials" is "[p]urchasing *evidence*," not a reimbursable copying cost, and is more akin to disallowed prior art search services.  *See* ECF No. 441 at 8.  Corel's distinction is baseless; there is no meaningful difference between, for example, purchasing a copy of a book from Amazon, versus paying to make a copy of that same book from a library.  Corel's cited cases actually *approved* costs for "patent copies."  *See Pehr v. Rubbermaid, Inc.*, 196 F.R.D. 404, 408 (D. Kan. 2000); *see also OneSubsea IP UK Ltd. v. FMC Techs. Inc.*, No. 4:16-CV-51, 2021 WL 12364789, at *2 (S.D. Tex. Sept. 23, 2021) (awarding costs for "copies of

---

[2] The only costs not for prior art related to obtaining copies of Corel software—software which was used in summary judgment briefing to demonstrate whether Corel's software complied with 35 U.S.C. § 287.  *See* ECF No. 385-25, 385-26.

patent documents"). Importantly, Microsoft limited its request for costs under this category to costs incurred copying prior art materials, and *not* for conducting searches to locate those materials in the first instance. This is consistent with decisions from other courts, which note the difference between copying prior art and searching for prior art. *See, e.g.*, *OneSubsea*, 2021 WL 12364789 at *2 (allowing costs for copying prior art); *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1333 (Fed. Cir. 2013) (discussing prior art searches).

Corel further argues that certain costs are for Microsoft's own documents, and are therefore not taxable. This argument is also misplaced. The first four entries Corel identifies were for the production of prior art, and are therefore for copies of prior art, not copies of Microsoft documents. The fifth cost Corel identifies was for converting a native financial document to a usable, producible file format, which is taxable in the Tenth Circuit. *See Peterson v. Nelnet Diversified Sols.*, Civil Action No. 17-cv-01064-NYW, 2020 U.S. Dist. LEXIS 126579, at *21 (D. Colo. May 20, 2020) ("Courts in this District and in the Tenth Circuit have permitted recovery of certain e-discovery costs associated with exemplification and the costs of making copies, including the cost of … converting native files to other formats"). The last cost Corel identifies involved scanning hardcopy documents from a prior litigation. Again, the cost of scanning and converting documents to a producible format is taxable. *See id.*, citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 167 (3d Cir. 2012) ("scanning and conversion of native files to the agreed-upon format for production of ESI constitute 'making copies of materials'").

Finally, Corel raises the same objection discussed above regarding a lack of documentation. Once again, Microsoft provides the best documentation available for costs incurred many years ago. Corel cites no case law or rule requiring original invoices, particularly for very old costs.

## **CONCLUSION**

For these reasons, Microsoft requests that Corel's objections be overruled and that Corel

be taxed with costs in the amount of $148,312.14, which shall accrue interest at the federal post-

judgment rate from the date of the award of costs.


Dated:  November 12, 2025                                   WHITE & CASE LLP


                                                           By:  */s/ Jonathan Lamberson*
                                                                Jonathan Lamberson
                                                                Attorneys for Defendant
                                                                MICROSOFT CORPORATION