UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| COREL SOFTWARE, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | TAXATION OF COSTS <br><br> Case No. 2:15-cv-00528-JNP-DBP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Dustin B. Pead |

    The Court entered judgment in favor of Defendant on September 23, 2025.[1] Consistent with the Court's order, on October 14, 2025, Defendant filed its Bill of Costs and supporting documents.[2] Plaintiff objected.[3] Defendant replied seeking the original sum of $148,312.14.[4]

    Plaintiff argues Defendant has either requested non-taxable costs or failed to properly and adequately shore up its claims for costs by supporting independent verification. The Clerk agrees with Plaintiff and therefore adjusts the requested sums as discussed below.

---

[1] Docket No. 430.
[2] Docket Nos. 436, 437, 438.
[3] Docket No. 441.
[4] Docket No. 442.

**FEES OF THE CLERK**

Defendant first seeks recovery of $1,590.00 in *pro hac vice* fees. There is a split of authority as to whether *pro hac vice* fees are taxable costs under 28 U.S.C. § 1920(1).[5] The Tenth Circuit has not ruled on this issue. However, most courts that have considered the issue have declined to award *pro hac vice* fees as costs.[6] The Clerk agrees with the reasoning of these courts. Absent further direction from the Court, the Clerk declines to tax these fees as costs.

**FEES FOR PRINTED OR ELECTRONICIALLY RECORDED TRANSCRIPTS**

Next, Defendant seeks $118,659.09 in fees for printed or electronically recorded transcripts for depositions and hearings. 28 U.S.C. § 1920(2) provides that the Clerk may tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case."

> "Necessarily obtained" does not mean that the materials obtained added to the convenience of the parties or made the task of the trial judge easier, and the "most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." However, if materials are reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.[7]

"[I]t is ordinarily best to judge reasonable necessity under § 1920 in light of the facts known to the parties at the time the expenses were incurred."[8]

---

[5] *Compare Kalitta Air L.L.C v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 957–58 (9th Cir. 2013), *with Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

[6] *Awad v. Ziriax*, No. Civ-10-1186-M, 2014 WL 1572804, at *1 n.2 (W.D. Okla. Apr. 17, 2014) (collecting cases).

[7] *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1246 (10th Cir. 1988)).

[8] *Id.*

Here, the deposition and hearing transcripts were used to support various motions and oppositions filed throughout this lengthy case. Therefore, the low "necessity" threshold has been cleared. However, Defendant has included non-taxable costs, such as shipping and handling or administrative charges, or failed to adequately explain why video depositions and videosync were necessary for use in this case. Furthermore, Defendant has failed to adequately explain why it was necessary to expedite certain depositions or secure only a rough draft for others. Additionally, Defendant failed to include invoices for more than twenty depositions. Without those invoices, the Clerk is unable to ascertain if non-taxable amounts, such as shipping and handling, administrative charges, or premier litigation packages, are included in the total requested sums.

Therefore, the Clerk will tax the following for depositions transcripts, attendance fees, and actual exhibits, as well as transcripts of court hearings:

| Description | Amount |
|---|---:|
| Sarah Gist | $898.15 |
| Jacob Jaffee | $1,256.85 |
| Theresa Estrada | $856.20 |
| Aaron Butcher | $1,521.55 |
| Lee Hunt | $928.15 |
| Derek Burney (transcript & exhibits) | $797.65 |
| Chris Coposella | $720.10 |
| David LeFevre | $578.15 |
| Robert Amen (transcript, attendance fee, & scanned exhibits) | $1,402.85 |
| Terry Crowley | $582.15 |
| Timothy Briggs | $1,051.35 |
| Greg Wood (transcript, attendance fee, & exhibits) | $781.15 |
| Christi Davisson | $649.75 |
| Adrian C. O'Donnell and Kent Ledwell (transcript & attendance fee) | $3,024.60 |
| Kira Stephens | $737.30 |
| Kathryn Griffith (7/19/16 & 5/25/23 transcripts) | $2,154.30 |
| Matthew Androski | $1,285.70 |
| Jay Paulus | $761.15 |

| Igor Zaika | $703.95 |
|---|---:|
| Dr. Benjamin Bederson (5/2/2019 & 9/17/2024; transcripts, attendance fees, & exhibits) | $3,027.56 |
| Mike Allen | $458.55 |
| Marc E. Levitt, Ph.D. (6/30/23 & 9/13/24; transcripts, attendance fees, & exhibits) | $3,019.60 |
| John Mulgrew | $1,331.95 |
| Andy Himberger | $489.15 |
| Tanya Moore | $620.05 |
| Brian Haslam | $1,122.55 |
| Jonathan D. Robinson, MS | $1,399.65 |
| Cory Plock | $717.90 |
| Roy Weinstein (transcript, attendance, & exhibits) | $2,310.50 |
| Dan Olsen | $1,769.15 |
| Hearing Transcripts (2/17/16, 11/21/18, 1/5/24, & 3/1/24) | $224.20 |
| **Total** | **$37,181.86** |

### FEES FOR SERVICE OF SUBPOENAS AND WITNESSES

Defendant also seeks $878.00 for costs associated with private process servers to serve subpoenas and advanced witness fees. 28 U.S.C. § 1920(1) allows for taxation of costs for fees of the Marshal to serve process. Under 28 C.F.R. § 0.114, the Marshal shall routinely collect fees for service of process and the Marshal may collect $65.00 per hour to provide this service.[9] This District allows the taxation of reasonable process fees of private process servers under these provisions.[10] These costs, however, should be taxable only to the extent that they do not exceed

---

[9] 28 C.F.R. § 0.114(a)(3).

[10] *CleanCut, LLC v. Rug Doctor*, No. 2:08CV836 TC, 2015 WL 5599880, at *2 (D. Utah Sept. 22, 2105); *see also Wyne v. Medo Indus., Inc.*, 329 F. Supp. 584, 589–90 (D. Md. 2004) ("While 28 U.S.C. § 1920(1) permits the taxation of costs associated with service of process and subpoenas by the U.S. Marshal's service, most courts recognize that private process server fees are also taxable against the losing party.").

the costs the Marshal incurs.[11] Additionally, The Clerk considers Defendant's request for witness fees under 28 U.S.C. § 1821.[12] Section 1821 provides that a $40 attendance fee can be taxed.

Many invoices Defendant provided include rush charges, check charges, and fees more than the statutory rate of $65.00. Additionally, the invoices that have been provided do not illuminate if mileage is included in some of service fees. Therefore, the Clerk will tax the following for service and witness fees:

| Description | Amount |
| --- | --- |
| Michael Kondoudis (service fee at $65.00 and $40.00 witness fee) | $105.00 |
| Norman P. Soloway (service fee at $65.00 and $40.00 witness fee) | $105.00 |
| Gabriel P. Kralik | $65.00 |
| Quark Software | $65.00 |
| KKR & Co (service fee at $65.00 and $1.10 printing fee) | $66.50 |
| **Total** | **$406.50** |

**FEES FOR EXEMPLIFICATION AND THE COSTS OF MAKING COPIES**

Lastly, Defendant seeks recovery of $27,149.05. Costs may be taxed for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[13] "To be recoverable, a prevailing party's . . . copy costs must be 'reasonably necessary to the litigation of the case.'"[14] "Materials produced 'solely for discovery' do not meet this threshold."[15] Similarly, "[t]he 'necessarily obtained for use in the case' standard

---

[11] *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1078 (D. Kan. 2005).

[12] 28 U.S.C. § 1821(c)(4) ("All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title.").

[13] 28 U.S.C. § 1920(4).

[14] *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)).

[15] *Id.* (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

does not allow a prevailing party to recover costs for materials that merely 'added to the convenience of counsel' or the district court."[16]

"A prevailing party bears the burden of establishing the amount of costs to which it is entitled."[17] With respect to copy costs, the burden is not a high one and a "prevailing party need not 'justify each copy' it makes."[18] "All a prevailing party must do to recoup copy costs is to demonstrate to the district court that, under the particular circumstances, the copies were 'reasonably necessary for use in the case.'"[19]

Here, Defendant primarily seeks reimbursement for purchasing software, reference materials, and books claiming, in relevant part, those purchases were necessary to demonstrate why Corel's patents were obvious.[20] However, costs associated with obtaining reference materials, books, software are not compensable under the statute.[21] Therefore, without direction from the Court, the Clerk will not tax purchases of software, books, or reference materials.

Apart from providing invoices for the software and book purchases on Amazon, Defendant has not provided any invoices associated with the outside litigation photocopy charges for Espy Case Solutions or Advance Discovery Inc. Accordingly, the Clerk is unable to independently verify if non-taxable charges (such as administrative charges or rush order

---

[16] *Id.* at 1147 (quoting *Touche Ross & Co.*, 854 F.2d at 1245).

[17] *Id.* at 1148.

[18] *Id.* at 1149 (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1259 (10th Cir. 1998)).

[19] *Id.* (quoting *Touche Ross & Co.*, 854 F.2d at 1246).

[20] Docket No. 442, p. 7 of 9.

[21] *See Squires ex rel. Squires v. Breckenridge Outdoor Educ. Ctr.*, 2013 WL 1231557, at *12 (D. Colo. Mar. 27, 2023).

charges) have been included in the requested sums. Therefore, the Clerk is unable to tax any costs for exemplification and copying under 28 U.S.C. § 1920(4).

## CONCLUSION

Accordingly, after the downward adjustments discussed above are accounted for, total costs taxed $37,588.36. Said amount is included in the Judgment.

DATED this 12th day of December, 2025.

GARY P. SERDAR, CLERK OF COURT:

BY: _____